Monongahela Bridge Company *v.* Pittsburg & Birmingham Traction Company.

| 196 | 25 |
|-----|-----|
| 202 | ¹607 |
| | 25 |
| 196 | 111 |
| p216 | 112 |
| p216 | 113 |
| p213 | 114 |
| p216 | 115 |
| p216 | |

*Corporation—Capital stock—Corporate property.*

A corporation is an entity, an existence, irrespective of the persons who own all its stock; and the fact that one person owns all the stock does not make him and the corporation one and the same person.

The shares of the capital stock of a corporation are essentially distinct and different from the corporate property, and the owner of all the stock of a corporation does not own the corporate property or become entitled to manage or control it.

*Corporation—Collateral attack on charter.*

The existence of a corporation or its right to exercise its corporate franchises cannot be inquired into or attacked collaterally.

In an action of assumpsit by a bridge company against a street railway company to enforce the covenants of a written agreement, the defendant cannot set up as a defense the fact that a city had purchased the entire stock of the plaintiff and had continued the corporate existence of the bridge company, without authority in law.

*Corporations—Pleadings—Admission of corporate existence—Act of June 24, 1885, P. L. 149.*

In an action of assumpsit where the statement avers that the plaintiff is a " corporation duly organized and existing under the laws of the state of Pennsylvania," and there is no denial of this averment in the pleadings, the defendant will be prevented by the provisions of the act of June 24, 1885, from alleging at the trial, that the corporation had been dissolved by the fact that a city had purchased its entire capital stock.

Argued Feb. 28, 1900.    Appeal, No. 8, Oct. T., 1900, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

March T., 1898, No. 316, on verdict for plaintiff.    Before
GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ.
Affirmed.

Assumpsit to recover tolls.    Before COLLIER, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $7,087.50.    Defendant
appealed.

*Error assigned* was above instructions.

*Thomas Patterson* and *A. W. Duff*, with them *H. E. Carmack*
for appellant.—A public corporation, having obtained authority
to borrow money for a specific purpose, must apply the money
to that purpose, and cannot stop short by leaving some techni-
cal matters unaccomplished.    The city is in fact the owner of
the bridge and is entitled to a transfer or assignment of the
contract with the traction company, and the ruse by which
the bridge company is still kept alive and the contract allowed
to remain in their hands cannot affect the equitable result.    In
other words, equity will treat that as already done which should
have been done, and consider that the city of Pittsburg is the
real owner of the Mononagahela bridge structure, and that
bridge is free for all the purposes recited in the act and ordi-
nances authorizing the city's action.

*J. H. Beal*, with him *Clarence Burleigh*, for appellee.—The
existence of the corporation, the Monongahela Bridge Com-
pany, cannot be denied or questioned in this case.    It is ad-
mitted in the pleadings: Act of June 24, 1885, P. L. 149.

The existence of a corporation, or the forfeiture of its fran-
chises, for any cause, can only be determined in a direct pro-
ceeding for the purpose, at the suit of the commonwealth, and
cannot be questioned collaterally: Cochran v. Arnold, 58 Pa.
399; Irvine v. Lumbermen's Bank, 2 W. & S. 190; Western
Pennsylvania R. Co.'s Appeal, 104 Pa. 399; Lejee v. Conti-
nental Passenger Railway Co., 10 Phila. 362; 2 Morawitz on
Corporations, sec. 1015; 2 Cook on Corporations, sec. 637.

The fact that the city of Pittsburg is the owner of the stock

of the Monongahela Bridge Company is immaterial in the case, because the ownership of said stock does not vest in said city the ownership of the property of said bridge company, nor does it affect the contractual relation between the traction and the bridge company: Fitzgerald v. Missouri Pacific Ry. Co., 45 Fed. Repr. 814; Atchison, etc., R. R. Co. v. Cochran, 23 Pac. Repr. 151; Jones v. Davis, 35 Ohio, 477; Field v. Pierce, 102 Mass. 261; Jermian v. Lake Shore & Michigan R. R. Co., 91 N. Y. 492; Sellers v. Greer, 172 Ill. 549; Louisville Banking Co. v. Eisenman Bros. & Co., 19 L. R. A. 684; Parker v. Bethel Hotel Co., 96 Tenn. 252; 31 L. R. A. 706; People ex rel. Union Trust Co. v. Coleman, 12 L. R. A. 762; Button v. Hoffman, 61 Wis. 20; Baldwin v. Canfield, 26 Minn. 44; Bidwell v. Pittsburg, etc., Pass. Ry. Co., 114 Pa. 535; England v. Bearborn, 141 Mass. 590.

OPINION BY MR. JUSTICE MESTREZAT, May 7, 1900:

The facts of this case are fully found and reported by the learned judge of the court below in his opinion on the question reserved at the trial and we need not restate them in this opinion.

This action was brought by the Monongahela Bridge Company, in its corporate capacity, against the Pittsburg & Birmingham Traction Company on the contracts of August 15, 1889, and May 27, 1890, to recover the tolls due the plaintiff by the terms of said contracts. The defendant denies its liability to pay these tolls since April 11, 1896 for the reason, as stated in its affidavit of defense, that the city of Pittsburg by virtue of the authority of the act of May 26, 1893, and of the condemnation proceedings pursuant thereto, "purchased and acquired the entire stock of the Monongahela Bridge Company, plaintiff herein, and thereby acquired the possession, ownership and control of said Monongahela bridge, and that the same was purchased at public expense for public use, for a free bridge, and that on and since the 11th day of April, 1896, the said bridge has been maintained by said city at public expense, as a free bridge, and no toll has been asked or demanded for its use by any corporation or individual, either by said Monongahela Bridge Company or by said city, but the same is maintained by general taxation, and defendant as a taxpayer of said city, has paid its proportion of the taxes assessed for the payment of the bonds

issued by said city for the purchase of said bridge and the payment of interest on said bonds, and the cost and expense of maintaining said bridge."

It will be observed that the defendant alleges the city became the owner of the Monongahela bridge by reason of its having "purchased and acquired the entire stock" of the bridge company. It does not follow, however, that the city is the owner of the property of the company because it purchased its stock. We have been referred to no authority, and we know of none, that asserts the doctrine that the purchaser of all the shares of the capital stock of a corporation thereby becomes the owner of its property. On the contrary the principle is well established that the shares of the capital stock of a corporation are essentially distinct and different from the corporate property, and that the owner of all the stock of a corporation does not own the corporate property or become entitled to manage or control it. "A corporation," says Mr. Cook in his work on Corporations, section 6, "is an entity, an existence, irrespective of the persons who own all its stock. The fact that one person owns all of the stock does not make him and the corporation one and the same person." In Morawetz on Private Corporations, sec. 1009, it is said that "it is well settled that all the shares in a corporation may be held by a single person, and yet the corporation continue to exist; and if the charter or by-laws should require certain acts to be done by more than one shareholder, the sole owner may transfer a portion of his shares to other persons, so as to conform to the letter of the rule." In Bidwell v. Pittsburg, etc., Pass. Railway Company, 114 Pa. 535, Mr. Justice CLARK, delivering the opinion of the court, says : " The shares in a corporation constitute a species of property entirely distinct from the corporate property; a shareholder has no distinct and individual title to the moneys or property of the corporation, nor any actual control over it; the shares represent a right to participate in profits only."

It is clear, therefore, that the purchase of the stock of the Monongahela Bridge Company by the city of Pittsburg did not dissolve the corporation or vest in the city the title to its corporate property, or give the city, as sole stockholder, the right to manage and control the bridge or other property of the corporation. So far as the effect of the purchase of the stock may be inquired into in this action, the city became a stockholder in the

corporation with rights and privileges as such and nothing more or less.

It is settled beyond all question in this state that the existence of a corporation or its right to exercise its corporate franchises cannot be inquired into or attacked collaterally: Irvine v. Lumbermen's Bank, 2 W. & S. 190; Cochran v. Arnold, 58 Pa. 399. While this principle would prevent the traction company from interposing as a defense the nonexistence of the plaintiff corporation, it is equally true that under the pleadings in the case and the act of 1885, the defendant could not on any ground attack the corporate existence of the bridge company and thereby prevent a recovery in this action. The Act of June 24, 1885, P. L. 149, provides: "That in every suit or judicial proceeding in this commonwealth, to which a corporation is a party, the existence of such corporation shall be taken to be admitted, unless it is put in issue by the pleadings."

The action here is assumpsit and, as shown by the statement, was brought by the Monongahela Bridge Company, plaintiff above named, a corporation duly organized and existing under the laws of the state of Pennsylvania. There is no denial of this averment in the pleadings and hence the corporate existence of the plaintiff is admitted by defendant. That the parties to this action duly executed the contracts upon which the suit was brought and that the plaintiff has fully performed its part of the contracts are not denied. This action was brought to compel the traction company to comply with its covenants contained in the contracts. The ownership of the plaintiff's bridge and as a consequence the right to charge tolls for the use of it are not put in issue by the pleadings. Such being the state of the record it is clear that the defense set up by the traction company cannot and should not prevail.

It is urged, however, on the part of the traction company that the city had no right to purchase the stock of the plaintiff corporation with the money of the city under the ordinances approved March 26, 1893, and April 23, 1895, and continue the corporate existence of the bridge company. The reply to that proposition is, that the question it raises cannot be adjudicated in this action. Until judicially determined in a proper proceeding, the corporate existence of the bridge company cannot be denied so as to prevent the corporation from exercising its

franchises and enforcing its contracts. Whatever may be the merits of such a defense the traction company is prevented from setting it up in this action. In a proper proceeding, the matters suggested here to relieve the defendant from liability on its contracts may be inquired into and determined, but in this action they cannot be invoked to prevent a recovery.

The assignments of error are overruled and the judgment is affirmed.