## Commonwealth, Appellant,ˑ *v.* Monongahela Bridge Company.

*Practice, C. P.—Trial by court without a jury—Act of April 22, 1874—Findings of fact.*

There is no requirement in the Act of April 22, 1874, P. L. 109, providing for trial by the court without a jury, that the court shall specifically answer upon the record all the requests for findings of fact submitted by counsel. No further answers to requests for findings of fact are required than the statement of the facts found by the court.

*Corporations—Stock—All stock held by one person—Bridge company.*

A corporation is an entity irrespective of, and entirely distinct from, the persons who own its stock. All the shares in the corporation may be held by a single person, and yet the corporation continue to exist.

The franchises of a corporation organized for the purpose of constructing and maintaining a bridge will not be declared forfeited merely because all of its shares have been acquired and are held by a municipality.

*Practice, C. P.—Res adjudicata—Cause of action.*

Where there are two suits between the same parties, but upon different causes of action, the allegations in the pleadings in the first suit are admissible as evidence in the second suit for whatever they are worth, but they are not conclusive.

A judgment of a court of concurrent or exclusive jurisdiction is not evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.

*Corporations—Forfeiture of charter—Caution in proceedings.*

The courts proceed with extreme caution in proceedings which have for their object the forfeiture of corporate franchises, and a forfeiture will not be allowed, except under express limitation, or for a plain abuse of power by which the corporation fails to fulfill the design and purpose of its organization.

Argued May 22, 1906.  Appeal, No. 2, May T., 1906, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1900, No. 131, on case tried by the court without a jury in suit of Commonwealth ex rel. Attorney General v. Monongahela Bridge Company.  Before MITCHELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Quo warranto to forfeit the franchises of a corporation.  Before WEISS, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant.

*John G. Johnson* and *Lyman D. Gilbert*, with them *Homer Shoemaker*, *A. W. Duff*, *Hampton L. Carson*, attorney general, and *Frederic W. Fleitz*, deputy attorney general, for appellant. —The adjudication was not in proper form: Ellis v. Lane, 85 Pa. 265; Foreman v. Hosler, 94 Pa. 418; Lewars v. Weaver, 121 Pa. 268; Carpenter v. Yeadon Borough, 208 Pa. 396; Swank v. Phillips, 113 Pa. 482; Com. v. Ry. Co., 188 Pa. 203.

The defendant is estopped from asserting its corporate existence: Kiern v. Ainsworth, 95 Pa. 310; Slayton v. Graham, 139 Pa. 1; Phila., etc., R. R.. Co. v. Howard, 54 U. S. 307; Ry. Co. v. McCarthy, 96 U. S. 258; Davis v. Wakelee, 156 U. S. 680 (15 Sup. Ct. Repr. 555); Stevens v. Hughes, 31 Pa. 386; Aurora City v. West, 74 U. S. 82; Schwan v. Kelly, 173 Pa. 65.

*A. M. Thompson*, with him *W. B. Rodgers* and *T. D. Carnahan*, for appellee.—The Monongahela Bridge Company has not conveyed its bridge structure, its franchises and assets to the city of Pittsburg.

There has been an exact observance of all the requirements of the act of 1874 in this case: Long v. Reed, 4 Pa. Dist. Rep. 72.

The findings of fact by the learned judge of the court below cannot now be disturbed: Eichman v. Hersker, 170 Pa. 402; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 506; Jamison v. Collins, 83 Pa. 359; Griffith v. Sitgreaves, 90 Pa. 161; Rohrheimer v. Hofman, 103 Pa. 409; Brown v. Susquehanna Boom Co., 109 Pa. 57; Commonwealth v. Hulings, 129 Pa. 317.

There has been no declaration or acknowledgment by the city of Pittsburg that the Monongahela bridge was a free bridge, and no corporate act on the part of the city of Pittsburg taking physical possession of this bridge. The only ground for any such contention is the fact that foot passengers and ordinary vehicles are no longer charged toll; but this can hardly be adjudged an injury to the public. The fact that the general public does not have to pay toll is no violation of charter obligations: Com. v. Allegheny Bridge Co., 20 Pa. 185.

The defendant is not estopped from insisting upon its corporate existence: Hibshman v. Dulleban, 4 Watts, 191; Forcey's App., 106 Pa. 508.

OPINION BY MR. JUSTICE POTTER, June 27, 1906 :

This was an action of quo warranto brought by the Commonwealth ex rel. The Attorney General, against the Monongahela Bridge Company, and based on an alleged forfeiture of its franchises. The suggestion for the writ stated that the attorney general was informed as to the facts alleged therein by the Pittsburg and Birmingham Traction Company. Trial by jury was dispensed with, under a stipulation of the parties, and the case was heard by the court under the provisions of the Act of April 22, 1874, P. L. 109. The facts were found by the trial judge substantially as follows: The Monongahela Bridge Company was incorporated under the Act of March 19, 1810, 5 Sm. L. 114, for the purpose of erecting a bridge over the Monongahela river, opposite Pittsburg, and various other acts supplementary to the act of 1810, were enacted by subsequent legislatures. A bridge was erected by the company as authorized by the charter, and maintained as a toll bridge. The Pittsburg and Birmingham Passenger Railway Company was subsequently chartered under the Act of April 13, 1859, P. L. 749, and authorized to construct a railway across the bridge of the Monongahela Bridge Company.

In 1889 the railway company was authorized to operate its cars by cable instead of horse power, and a year later its name was changed to the Pittsburg and Birmingham Traction Company, and it was authorized to operate by electricity in addition to cable.

In 1889 an agreement was entered into between the bridge company and the railway company whereby the former agreed to reconstruct and widen the bridge and provide a sufficient roadway to enable the cars of the latter to cross on double tracks, by cable, and in 1890 a supplemental agreement was made between the bridge company and the traction company authorizing the latter to use electricity as a motive power instead of cable. The railway company agreed to and did advance a large sum of money towards the reconstruction of the bridge, which was to be liquidated by tolls.

In 1893 the city of Pittsburg by ordinance authorized an increase of its indebtedness for the purpose of erecting and purchasing bridges over the Monongahela river, and in 1895 proceedings were instituted by the city to ascertain damages for

taking and appropriating the property, rights and franchises of the bridge company. Viewers were appointed who awarded damages for the taking of the bridge, and an appeal was taken by the city from the award. Pending the determination of this appeal, the city entered into an agreement with the stockholders of the bridge company, by which it purchased the entire stock of the company, and all the stock was transferred to the city, or to persons designated by its representatives. Directors named by the city, being municipal employees, were substituted for the former directors. The transfer was made April 11, 1896, and since that time no tolls have been charged for foot passengers or horse and wagon traffic over the bridge, and it has been maintained at the expense of the city, and the revenues received from it have been paid into the city treasury. When the stock was acquired by the city, the condemnation proceedings were discontinued. No meetings of stockholders of the bridge company have been held since the transfer of the stock, and no directors' meetings since July 31, 1897.

In 1896 the traction company sued the bridge company for a portion of the money advanced for the reconstruction of the bridge as above stated. ˙ The suit resulted in judgment for the defendant: Traction Co. v. Bridge Co., 184 Pa. 180. In 1898 the bridge company sued the traction company to recover tolls, and this suit resulted in a judgment for the plaintiff: Bridge Co. v. Traction Co., 196 Pa. 25. Upon the trial of the latter suit the defendant attempted to raise the question of the right of the bridge company to exercise corporate franchises, but it was held that this question could not be raised in a collateral proceeding. In 1897 the bridge company appealed from the settlement made against it by the accounting officers of the commonwealth for tax on its capital stock, and among the specifications of objection stated that since April 13, 1896, the entire capital stock of the Monongahela Bridge ·Company has been owned absolutely by the city of Pittsburg; that no tolls have been collected; that the property so acquired has been managed, operated and controlled as like property of the city; that no dividends have been declared; that the organization of the company has been maintained solely for the purpose of determining whether or not certain written contracts between the bridge company and the traction company

relative to the payment of tolls can be enforced by the city; and that the purpose and effect of the sale to the city of Pittsburg of all the shares of the capital stock of the Monongahela Bridge Company was to convey the entire property of the Monongahela Bridge Company to the city of Pittsburg. The appeal was tried, and a verdict rendered, December 2, 1898, for the defendant, and a discontinuance entered the same day by the attorney general.

In the present case the commonwealth alleges that by reason of the misuser of the rights, privileges and functions of the Monongahela Bridge Company, they have been forfeited, and its letters patent are null and void. Upon this issue the court below found in favor of the respondent, and from its judgment entered for the defendant, this appeal has been taken.

It is apparent, both from the pleadings and the evidence, that the motive for instituting this proceeding was to relieve the Pittsburg and Birmingham Traction Company from the payment of tolls for the use of the bridge. In Bridge Co. v. Traction Co., 196 Pa. 25, it was held that the question of ultra vires could not be raised collaterally, and consequently the traction company, which was defendant in that case and the losing party, lodged with the attorney general the information and complaint, which led to the application for this writ of quo warranto.

The attorney general was apparently unwilling to deny to the traction company an opportunity to have the question of forfeiture of defendant's charter determined by the courts, in the only way in which it could successfully be raised, that is, upon his suggestion, but he was careful to set forth the fact that the information came from the traction company, and that the action was based upon the contention made by that company in its petition to him asking that the suggestion be filed in the proper court. The relations existing between the traction company and the bridge company have already, in part at least, been considered twice by this court. The case of Pittsburg & Birmingham Traction Co. v. Monongahela Bridge Co., 184 Pa. 180, was an action to recover an amount of money advanced by the traction company for reconstructing the bridge. Under the contract this was to be paid by crediting the tolls

chargeable against the company; but the latter claimed that, owing to the fact that the city had purchased all the stock of the bridge company, and made the bridge free to the public, the company must be held to have surrendered its franchises, and to be no longer in existence, and therefore could collect no further tolls under the contract. The court below held that the contract remained in force, and that no recovery could be had by the traction company, of the moneys it had advanced, and on appeal the judgment for defendant was affirmed. The substance of the contention in that case was the same as in this. But in that proceeding, the existence of the corporation, the Monongahela Bridge Company, was not, nor could it be, questioned. Then in Monongahela Bridge Co. v. Traction Co., 196 Pa. 25, the present defendant sued the same traction company to recover tolls alleged to be due. The defense was attempted to be set up, that the bridge company had forfeited its franchises by the sale of its stock to the city. Judgment was given for the plaintiff, and afterwards affirmed by this court. While the case was decided upon other grounds, it was pointed out by our Brother MESTREZAT, that the purchase of the entire stock of the bridge company by the city did not dissolve the corporation, or vest in the city the title to the property of the bridge company.

And now in the present case, the issue is simply whether or not the defendant company has done anything which has forfeited its right to exist, and exercise the functions of a corporation.

There is no allegation in the pleadings of any failure to maintain the corporate organization. The only wrongful act alleged is that the ownership of the entire stock of the bridge company has passed to the city of Pittsburg. There is nothing in the evidence to show that the company as such sold any stock to the city. The stock was sold by the shareholders acting through a committee of their own number. The bridge company as a corporation had no stock to sell; it owned none; there was none in the treasury. As a matter of convenience the stockholders acted together in the matter, but the sale was that of the stockholders and was not by the company.

Counsel for appellant has complained of the form and sufficiency of the findings of fact by the trial judge, but we see

no merit whatever in these assignments. The facts are found separately and in numbered paragraphs, and are followed by a discussion of the law, and the conclusions reached by the court. The essential facts were not in dispute, and were for the most part agreed upon by counsel in writing and made part of the record. There is no difficulty in ascertaining from the record the real questions of law to be passed upon, and we think there was a substantial compliance with the act of 1874, and with the decisions of this court.

There is no requirement in the act that the court shall specifically answer upon the record, all the requests for findings of fact submitted by counsel. The act requires only that the court shall state "separately and distinctly the facts found, the answers to any points submitted in writing by counsel, and the conclusions of law." No further answers to requests for findings of fact are required than the statement of the facts found by the court. The cases cited by appellant on this question relate to charging the jury upon points submitted, not to findings by the court alone, under the act of 1874.

That the bridge company should be held to have lost its corporate functions by reason of the sale by the shareholders of their stock to the city, is indeed, as the court below says, a staggering proposition. Yet no other reason for forfeiture has been shown in this case. If the stock had been purchased by private individuals no one would have thought of suggesting that the transfer could in any way affect the right of the company to exist.

It was pointed out in Bridge Co. v. Traction Co., 196 Pa. 25, that under the authorities, a corporation is an entity irrespective of, and entirely distinct from, the persons who own its stock. "It is well settled that all the shares in a corporation may be held by a single person, and yet the corporation continue to exist; and if the charter or by-laws should require certain acts to be done by more than one shareholder, the sole owner may transfer a portion of his shares to other persons, so as to conform to the letter of the rule : " Morawetz on Private Corporations, sec. 1009.

In Rhawn v. Edge Hill Furnace Co., 201 Pa. 637 (644), it was again held that " the fact that one person owns all of the stock does not make him and the corporation one and the same

person," and in Kendall v. Klapperthal Co., 202 Pa. 596, Judge ENDLICH said in an opinion approved by this court (p. 607):
" A corporation does not lose its legally distinct and separate personality by reason of the ownership of the bulk or the whole of its stock by another: " citing Monongahela Bridge Co. v. Traction Co., 196 Pa. 25.

" The judicial decisions seem to be unanimous to the effect that the mere fact that all the shares of a corporation pass into the ownership of one person does not of itself dissolve the corporation. They rest upon the principle that a corporation is not dissolved by the destruction of an integral portion of its membership, so long as the remaining portion has the power to restore or renew the defective part. . . . Such sole owner may so dispose of the shares as, by the election of the necessary directors and officers, to continue the corporate existence:"10 Cyc. Law & Pr. 1277.

" It makes no difference in principle whether the sole owner of the stock of a corporation is a man or another corporation. The corporation owning such stock is as distinct from the corporation whose stock is so owned as the man is from the corporation of which he is the sole member: " Exchange Bank v. Construction Co., 97 Ga. 1 (6).

The fact that the city of Pittsburg is the owner of the stock of the bridge company is immaterial in this case, because it makes no difference to the commonwealth who the owner of the stock may be, so long as the proper and legitimate functions of the corporation are discharged. Ownership of the stock does not vest in the city the ownership of the physical properties of the bridge company. Further, neither the city of Pittsburg nor the shareholders of the bridge company are parties to this action.

The contention is also made that the bridge company is estopped from alleging its corporate existence by reason of its answer made to the commonwealth in the suit for taxes. That suit was against this defendant, but it was upon a different cause of action. The allegations in that case may therefore be admissible as evidence for whatever they are worth, but they are not conclusive.

" The moment we leave the sphere of the same cause, we leave behind all question of judicial admissions. A judicial

admission is a waiver of proof; and a pleading is for the purpose of the very cause itself, a defining of the lines of controversy and a waiver of proof of all matters outside these lines of dispute. But this effect ceases with that litigation itself; and when we arrive at other litigation and seek to resort to the parties' statements as embodied in the pleadings of prior litigations, we resort to them merely as quasi admissions, i. e., ordinary statements, which now appear to tell against the party who then made them :" 2 Wigmore on Evidence, sec. 1065.

The record is received, "not as an adjudication conclusively establishing the fact, but as the declaration or admission of the party himself that the fact is so:" Truby v. Seybert, 12 Pa. 101 (103).

The judgment in the tax suit was in no way conclusive as to the validity of the charter, or that the corporation was dissolved, or had forfeited its franchises; the only thing there adjudicated was the fact that it was not liable for any tax upon the capital stock at the time that settlement was made. In the present case the court below admitted the record in the tax case as evidence of the facts therein contained, and in so doing the appellant received the benefit of all that it was entitled to ask. We must presume that the record received such consideration as it deserved, the more especially as it was a judgment rendered by the same court.

"A judgment of a court of concurrent or exclusive jurisdiction is not evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment :" Forcey's App., 106 Pa. 508 (515).

We have found nothing in the evidence in this case to indicate that any interest of the commonwealth or of the public would be advanced by a judgment of ouster. "The courts proceed with extreme caution in proceedings which have for their object the forfeiture of corporate franchises, and a forfeiture will not be allowed, except under express limitation, or for a plain abuse of power by which the corporation fails to fulfill the design and purpose of its organization :" High on Extraordinary Leg. Rem. sec. 649.

We agree with the conclusions of the learned judge of the court below that the case is bare of evidence showing any just grounds for declaring a forfeiture of the charter of the defend-

ant company.   Neither nonuser nor misuser of its franchise rights has been shown.

The assignments of error are overruled, and the judgment is affirmed.