# Point Bridge Company *v.* Pittsburg & West End Railway Company, Appellant.

*Bridges — Equity—Equity practice—Decree—Street railways—Compensation—Action at law—Cities—Ownership of bridges.*

1. Where a disagreement arises concerning the compensation to be paid a bridge company for the future occupancy of a bridge by a street railway company which had changed its motive power to electricity, after having, for a number of years, operated a line of horse cars across the bridge, a bill in equity, filed by the railway company asking that the bridge company be restrained from interfering with the operation of its cars and praying the court to fix the compensation to be paid, is an appropriate proceeding and equity has power to enter a decree therein fixing the compensation at a stated sum for a term of years thereafter with a provision for modification of the decree for proper cause on application of either party.

2. Where in such case the city in which the bridge is located acquires control of the stock of the bridge company and opens the bridge to the general public and, thereupon the railway company declines to make further payments, the bridge company is entitled to maintain an action at law against the railway to recover the amount due under the terms fixed in the decree.

*Bridges—Purchase of stock by cities—Compensation for use—Street railways.*

3. The purchase of the entire stock of a bridge company by the city in which the bridge is located does not dissolve the corporation or vest in the city the title to the property of the bridge company or prevent the bridge company from collecting compensation for the use of the bridge from a trolley company under arrangements theretofore existing, although the bridge is made free to other travel.

Argued Oct. 31, 1910. Appeal, No. 163, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1898, No. 318, on verdict for plaintiff in case of the Point Bridge Company v. The Pittsburg & West End Railway Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for use of a bridge. Before FORD, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $20,706, and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*Edwin W. Smith*, of *Reed, Smith, Shaw & Beal*, for appellant.—The bridge is a highway: Pittsburg & West End Ry. Co. v. Point Bridge Co., 223 Pa. 133; Pittsburg & West End Ry. Co. v. Bridge Co., 165 Pa. 37; Berks County v. Reading, etc., Co., 167 Pa. 102.

The charge against the railway company is not reasonable nor was it correctly determined, granting that the city had a right to charge: Berks Co. v. Reading, etc., Cos., 167 Pa. 102; Beaver Co. v. Telegraph Co., 219 Pa. 340; Pittsburg & West End Ry. Co. v. Bridge Co., 223 Pa. 133.

There is no right to discriminate: Munn v. People of Illinois, 94 U. S. 113; McDuffee v. R. R. Co., 52 N. H. 430; Messenger v. Penna. R. R. Co., 36 N. J. Law, 407; Hays v. Penna. Co., 12 Fed. Repr. 309; Baily v. Fayette Gas & Fuel Co., 193 Pa. 175; Geiger v. Turnpike, Road Co., 167 Pa. 582.

A court of equity cannot fix a reasonable rate: Smyth v. Ames, 169 U. S. 466 (18 Sup. Ct. Repr. 418); San Diego Land Co. v. National City, 174 U. S. 739 (19 Sup. Ct. Repr. 804); Stanislaus County v. San Joaquin Canal & Irrigation Co., 192 U. S. 201 (24 Sup. Ct. Repr. 241); Com. v. Sycamore Street Ry. Co., 47 Pitts. Leg. J. 333.

*Charles K. Robinson*, with him *Charles A. O'Brien*, for appellee.—A final decree of a court of equity is as conclusive as a judgment at law: Hohman's App., 127 Pa. 209.

The liability of the defendant is res adjudicata: Raisig v. Graf, 17 Pa. Superior Ct. 509; Kay v. Gray, 30 Pa. Superior Ct. 450; Shortlidge's Est., 214 Pa. 620.

The bridge company is an existing corporation: Trac-

tion Co. v. Monongahela Bridge Co., 184 Pa. 180; Bridge
Co. v. Pitts. & Birmingham Trac. Co., 196 Pa. 25.

The bridge company may permit the public to go free
and charge the railway a reasonable compensation: Has-
son v. Venango Bridge Co., 11 Pa. C. C. Rep. 383; Cen-
tral Bridge Corporation v. Bailey, 62 Mass. 319.

A court of equity has jurisdiction in a proper case to
decree compensation: Pittsburg & West End Ry. Co. v.
Bridge Co., 165 Pa. 37; Berks County v. Reading City
Ry. Co., 167 Pa. 102; Lawrence County v. Ry. Co., 8
Pa. Superior Ct. 313; Kaufman v. Liggett, 209 Pa. 87.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3,
1911:

For a number of years the defendant railway company
had operated a line of horse cars across a bridge belong-
ing to the plaintiff bridge company. In 1892 the motive
power was changed to electricity and a disagreement arose
concerning the compensation to be paid for the future
occupancy of the bridge. The railway company filed a
bill asking that the bridge company be restrained from
interfering with the operation of its cars, and praying the
court to fix the compensation to be paid for the use of the
bridge. On November 12, 1892, a decree was entered
which fixed the compensation at $8,000 per annum for
the next five years, and expressly provided, "either party
hereto at any time may, during the continuance of this
order make application to the court, and for proper cause
may move a modification of this decree or such other and
further order in this case as may, under the circumstances
then existing, be proper." This decree was affirmed in
Pittsburg & West End Passenger Ry. Co. v. Point Bridge
Co., 165 Pa. 37; and the defendant company paid the
compensation stipulated therein until June 1, 1896. At
that time the city acquired control of the stock of the
bridge company and freed the bridge to the general pub-
lic; whereupon the railway company declined to make
further payments. On January 20, 1898, this suit was

brought and a recovery was allowed covering the period from June 1, 1896 to November 12, 1897, the limit named in the decree.

The defendant now contends that a court of equity had no jurisdiction to enter the decree sued upon. It is too late to raise that question. We said in Pittsburg & West End Ry. Co. v. Point Bridge Co., 165 Pa. 37: "We have not overlooked the contention which denies to a court of Equity, jurisdiction of the matter complained of, but we cannot assent to it. On the contrary we think that the Railway Company applied to the proper tribunal for the relief sought."

The appellant also questions the appropriateness of the present action at law. When these parties were before this court in Pittsburg & West End Ry. Co. v. Point Bridge Co., 223 Pa. 133, we said: "In 1898, upon the correct theory that the decree of 1892 was but a substitute for an agreement between the parties . . . ., an action, which is still pending, was brought by the appellee on the law side of the Court to recover the amount due from June 1, 1896 to November 12, 1897. That action is an adequate remedy for the recovery of any sum that may be due for the use of the bridge during the five year period." This was said in reference to the present action, and we see no reason to depart from that view.

It is further contended that the plaintiff has no right to maintain this action because the city of Pittsburg has acquired all of the stock of the bridge company and has taken over the actual maintenance and control of the structure as a free bridge. This is not the first time that such a point has been before us for consideration. In Monongahela Bridge Co. v. Pittsburg & Birmingham Traction Co., 196 Pa. 25, the action was to recover compensation for the use of a bridge. The defense was that the stock of the bridge company had been purchased by the city of Pittsburg and that it had thereby acquired the "possession, ownership and control of said . . . . bridge, and that the same was purchased at public ex-

pense for public use, for a free bridge, and . . . . the said bridge has been maintained by the City at public expense as a free bridge, and no toll has been asked or demanded for its use . . . ., but the same is maintained by general taxation." We ruled this defense to be insufficient and said that the purchase of the stock of the bridge company did not dissolve that corporation or vest the ownership of the bridge structure in the city. In Com. v. Monongahela Bridge Co., 216 Pa. 108, the action was a quo warranto by the commonwealth and the judgment of the court below refusing to declare a forfeiture of the charter of the bridge company was affirmed. We there said: "The relations existing between the Traction Company and the Bridge Company have already, in part at least, been considered twice by this court. The case of Pittsburg & Birmingham Traction Co. v. Monongahela Bridge Co., 184 Pa. 180, was an action to recover money advanced by the Traction Company for reconstructing the bridge. Under the contract this was to be paid by crediting the tolls chargeable against the Company, but the latter claimed that since the City had purchased all of the stock of the Bridge Company and had made the bridge free to the public, the company must be held to have surrendered its franchises and to be no longer in existence, and therefore it could collect no further tolls under the contract. The court below held that the contract remained in force and that no recovery could be had by the Traction Company of the money it had advanced, and on appeal the judgment for the defendant was affirmed. . . . Then in Monongahela Bridge Co. v. Traction Co., 196 Pa. 25, the present defendant sued the same Traction Company to recover tolls alleged to be due. The defense was attempted to be set up, that the Bridge Company had forfeited its franchise by the sale of its stock to the City. Judgment was given for the plaintiff and afterwards affirmed by this Court. While the case was decided upon other grounds, it was pointed out . . . . that the purchase of the entire stock of the

Bridge Company by the City did not dissolve the corporation or vest in the City the title to the property of the Bridge Company."

The present case is not to be distinguished from those just reviewed. Although in this case the ordinance authorizing the purchase of the stock of the bridge company refers to "acquiring the bridge," yet it expressly authorizes the city to acquire it "by the purchase of the entire stock of the said Point Bridge Company," and it must be assumed that the legal effect of such a purchase was known to and intended by the city. The provision that "The contract now existing between the said Bridge Company and the. . . . Passenger Railway Company . . . . shall be duly and legally assigned by the said Bridge Company to the said City . . . ., so that the same shall continue in full force and effect . . . ." was incapable of being carried out for the reason that no such contract existed. Its only effect was to show that the city had no intention of making the bridge free to the railway company. In view of our decisions there can be no doubt of the right of the plaintiff to maintain this action.

Here the plaintiff sued on the solemn decree of a court of competent jurisdiction which fixed the compensation to be paid by the defendant. No application having been made to modify that decree, the question of how the rate of compensation is to be determined is not in this case. That point as well as the question of the authority to charge a street railway company for the use of a public bridge which is free to others is passed upon in an opinion filed to-day in the case of Beaver County v. Beaver Valley Traction Co., 229 Pa. 565.

We are not impressed with the argument that since the bridge was free to others the charge against the defendant was an unlawful discrimination. The defendant's use was of a different character from that of the general public, and as it was the only railway company that crossed the structure it cannot be charged that there was any discrimination within a class of users.

After a careful consideration of the whole record we see no reversible error.

The assignments are all overruled and the judgment is affirmed.