Commonwealth ex rel., Appellant, *v*. Neptune Club of Philadelphia.

Argued March 23, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellant.

*A. J. Nydick,* with him *Matthew K. Stevens,* for appellee.

OPINION BY MR. JUSTICE DREW, April 20, 1936:

The Neptune Club was incorporated by special Act of Assembly of April 9, 1872, P. L. 1036. It appears that the interests of the members were social and political. The organization was active until 1906 when a schism developed, brought about by political differences, and part of the membership withdrew. Those who remained loyal abandoned the clubhouse, they held no meetings, and by 1907 all activity had ceased. Several members at the time of the disruption are still living, however, and they have always maintained their membership in the club. In 1933 they met and elected officers, directors, and new members; a clubhouse was acquired; the present membership totals almost six hundred. Subsequent to the renewal of activity, the attorney general, on behalf of the Commonwealth, instituted the present proceedings in quo warranto to have the corporate charter declared forfeited on the ground that it had been abandoned by nonuser. The case was tried by the court without a jury and judgment was entered for defendant. It is from that judgment that we have the present appeal.

We have carefully reviewed the testimony upon which the trial judge's findings of fact, already outlined, were based. They are amply supported by the evidence, and, under familiar principles, we may not now challenge their correctness. Aside from the question of the Commonwealth's laches, a matter not relevant in our view of the case, the statement of questions involved presents but one issue: Did the defendant corporation forfeit its charter because of its neglect to exercise its corporate

powers for a period of twenty-six years? Our considera-
tion of the case is limited to this question.

The judgment must be affirmed. Appellant's argu-
ment, relying as it does upon the *presumed* intention of
defendant's members to abandon their corporate fran-
chise, based upon their extended period of inactivity,
overlooks the trial judge's finding that they always main-
tained their corporate affiliation. However inactive they
might have been, there is no affirmative evidence of any
intention to abandon the charter. From all that appears,
the organization was merely quiescent. Activity could
be resumed at any time. "A dormant corporation pos-
sesses a vitality which at any time may galvanize it into
action": *Rachiele v. Marsico*, 303 Pa. 372, 380.

No considerations of public policy are here present.
The continued existence of the club will not conflict with
the best interests of the Commonwealth. This is a
purely private nonprofit corporation. The nonuser was
of such rights and privileges as inured solely to the in-
terests of the corporation and its members. No special
interest of the public was, or is now, involved. A cor-
porate charter will very properly be forfeited in case of
harm or loss resulting from misuser *(Erie & North-East
R. R. v. Casey*, 26 Pa. 287; *Com. ex rel. v. U. S. Annuity
Society*, 303 Pa. 19), or from nonuser *(Com. ex rel. v.
Seventh Day Baptists*, 317 Pa. 358), but there is no such
danger here present. The law is loath to declare a for-
feiture of a valuable corporate franchise: *Com. ex rel. v.
Monongahela Bridge Co.*, 216 Pa. 108. To warrant such
action the abuse must be clear and the necessity for such
a harsh remedy must be apparent. All the circumstances
of this case point to the soundness of the action of the
court below in refusing to enter judgment of ouster.

Judgment affirmed.