## Susquehanna County Commissioners' Petition

*Sue B. Strous*, for county commissioners.
*Charles H. Ainey*, for proposed vendees.

SMITH, P. J., July 27, 1936.—The present proceedings are under the Act of May 25, 1933, P. L. 1018, authorizing the county commissioners to sell real estate purchased by the county at tax sale and unredeemed, the period of redemption having expired, to "the former owner of such property, or his heirs", upon terms approved by the court of common pleas. That act was amended by the Act of July 17, 1935, P. L. 1122, only to the extent of adding, after the word "heirs", supra, as authorized purchasers, "devisees, or anyone, or more of them".

The property here in question was sold as the property of The Bryant Electric Refrigerator Corporation at a treasurer's tax sale to, and at the present time is owned by, the county. The now proposed purchasers are Charles H. Ainey, Dr. A. F. Merrell, and B. S. Boyd, all stockholders in the said corporation, who allege that as such they are "former owners" within the meaning of the statutes above referred to, and as such entitled to become lawful purchasers under the statutory provisions. It is conceded by all concerned that at the hearing, fixed for July 15, 1936, in open court, all the facts essential to vest jurisdiction in this court were established, leaving for our present determination only the rather difficult question

whether the proposed purchasers, whose relation to the corporation was only that of stockholders, are in any sense "owners" of the real estate itself.

The decision of the Pennsylvania Supreme Court in Monongahela Bridge Co. v. Pittsburgh & Birmingham Traction Co., 196 Pa. 25, 28, holds that "the principle is well established that the shares of the capital stock of a corporation are essentially distinct and different from the corporate property, and that the owner of all the stock of a corporation does not own the corporate property or become entitled to manage or control it".

Cook on Corporations, quoted in affirmance of this principle states: "A corporation . . . is an entity, an existence, irrespective of the persons who own all its stock".

Mr. Justice Clark, in Bidwell v. Pittsburgh, Oakland & East Liberty Passenger Rwy. Co., 114 Pa. 535, 541, also quoted above, said:

"The shares in a corporation constitute a species of property entirely distinct from the corporate property, a shareholder has no distinct and individual title to the moneys or property of the corporation . . . the shares represent a right to participate in profits only".

The principle of the above quotations is reaffirmed in nine successive decisions of the Supreme Court of Pennsylvania recited in Shepards Annotations, the last being Donaldson et al. v. Andresen, 300 Pa. 312; 317, where it is said:

"While the sale of the whole or a majority of the stock carries with it the power of corporate control, yet the assets, good will and franchises continue the property of the corporation, which 'is an entity, an existence, irrespective of the persons who own all its stock' ".

From Callery's Appeal, 272 Pa. 255, 265, we quote: "A corporation owns its property; the stockholder has no right to it or any part of it".

The corporation is a body politic having a separate existence as a distinct person in law, in whom the whole

corporate property is vested: 7 R. C. L. 490, sec. 471. The stockholders have no title to the lands of the corporation, but merely a resulting interest in its assets, ascertainable only by an account: Oliver's Estate, 136 Pa. 43. The company is the real owner of the land: Ibid. 59.

This doctrine of legal entity is, however, a mere fiction introduced for the purpose of convenience and to subserve the ends of justice and cannot be urged to an extent and purpose not within its reason and policy: 7 R. C. L. 27. This is clearly expressed in an interesting and exhaustive opinion by Commissioner Pound, in Home Fire Ins. Co. v. Barber et al., 67 Neb. 644, 93 N. W. 1024, 1033:

"Where a corporation is proceeding at law, or where it is asserting a title to property, or the title to property is involved, the corporation is regarded as a person separate and distinct from its stockholders, or any or all of them. But where it is proceeding in equity to assert rights of an equitable nature, or is seeking relief upon rules or principles of equity, the court of equity will not forget that the stockholders are the real and substantial beneficiaries of a recovery. . . . This rule finds many illustrations in the authorities."

To the same effect is the decision in James Pott & Co. et al. v. Schmucker, 84 Md. 535, 36 Atl. 592, which cites, at page 539, the conspicuous illustration of Swift v. Smith, Dixon & Co., 65 Md. 428, 5 Atl. 534, where a single stockholder, holding all the stock in a corporation, individually executed and delivered a mortgage upon the real estate of the corporation, the legality of which was sustained.

We are of the opinion that this same rule applies in Pennsylvania, and that when our courts declare that a stockholder, as such, has not title to the real estate of his corporation, i. e., does not own it, reference is made only to the legal title, but that they do recognize that he has a beneficial or equitable interest therein, which is administered by directors as his trustees. The case of Schott v. Harvey, 105 Pa. 222, 228, expressly states, that "there

may be a legal and an equitable estate; the trustee and the *cestui que trust* are both owners." See, for numerous authorities on the application of the term "owner", 50 C. J. 770, §48.

We therefore hold that in the case at bar the word "owner", used in the two Pennsylvania statutes under consideration, includes Charles H. Ainey, Dr. A. F. Merrell, and B. S. Boyd, the proposed purchasers of the real estate from the county commissioners, and we approve the proposed sale. The attorneys for the petitioner shall prepare a formal decree for our signature and filing.