# James Bonar & Company, Incorporated, *v.* South Penn Oil Company.

*Attachment execution—Garnishee—Admissions—Evidence.*

1. On the trial of an attachment execution where it appears that the answers of the garnishee to interrogatories contained admissions sufficient to make out a prima facie case for plaintiff, the latter is entitled to avail himself of such admissions; although they are coupled with self serving declarations alleging that the liability which would otherwise exist had been avoided or released; and the same rule applies to the testimony of a witness called by the plaintiff as for cross-examination where the testimony of such witness contains admissions of liability by the garnishee, although coupled with denials of liability.

2. On the trial of an attachment execution where the answers to interrogatories admit a contract between the defendant in the execution and the garnishee for machinery, and that the garnishee had paid all, except a certain sum stated, of the purchase price, but deny liability as to such sum, because the machinery had not been properly installed and because of a breach of warranty, the court commits error in entering a compulsory nonsuit and refusing to take it off, because the plaintiff relied upon nothing more than the admissions contained in the answers. In such a case the plaintiff makes out a prima facie case by the admissions, and the burden of proof is then cast upon the garnishee to prove the matters of defense stated in the answers.

Argued April 14, 1911. Appeal, No. 85, April T., 1911, by Harry S. McKinley, receiver, from order of C. P. No. 2, Allegheny Co., July T., 1905, No. 214, refusing to take off nonsuit in case of James Bonar & Company, Inc., *v.* South Penn Oil Company, garnishee of C. H. Bradley, Jr., trading as C. H. Bradley, Jr., & Co. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Attachment execution. Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Robert Woods Sutton*, with him *Watson & Freeman* and *Harry S. McKinley*, for appellant.—A defense of breach of warranty to an action for the recovery of a contract price is an affirmative defense in the nature of a set-off and need not be disproved by the plaintiff in his case in chief: Lansdale Trust & Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235; Fessler v. Ellis, 40 Pa. 248; Pusey v. Wright, 31 Pa. 387; Davis-Colby Ore Roaster Co. v. Rogers, 191 Pa. 229.

The plaintiff, offering in evidence the answers to interrogatories by a garnishee for the purpose of showing the admissions therein contained, is not bound by the denials in the answers: Lansdale Trust & Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235.

Where a witness is called as for cross-examination, the plaintiff is not bound by his answers which would be unfavorable to him, nor is he bound by matter drawn from the witness by improper cross-examination: Hughes v. Westmoreland Coal Co., 104 Pa. 207.

*J. McF. Carpenter*, of *Carpenter & Chalfant*, with him *Robt. W. Cummins*, for appellee.

OPINION BY HEAD, J., July 13, 1911:

The plaintiff, having obtained a judgment against C. H. Bradley, Jr., & Co., sought to recover the amount thereof by attaching, in the hands of the South Penn Oil Company, certain moneys alleged to be by it due to the said judgment debtor. In response to interrogatories the garnishee filed an answer setting forth at length and in detail the transactions between it and the judgment debtor, as a result of which the plaintiff alleged there was still money due and owing to that debtor. The garnishee attached to its answer, as a part thereof, two certain contracts in writing between the said C. H. Bradley, Jr., & Co. and itself. By the terms thereof it appeared that the former had agreed to furnish and install certain machinery, the detailed specifications of which were part of the contracts. These contracts contained an express

warranty that the machinery would develop a certain amount of horse power and do a prescribed amount of work. The garnishee, having entered the plea of nulla bona, the cause proceeded regularly to trial. On the trial the plaintiff, in order to make out a prima facie case, relied upon certain admissions said to be contained in the garnishee's answer without regard to other self-serving declarations of the garnishee contained therein; particularly to so much thereof as averred that, as a result of the transaction exhibited by the contracts and the allegations of the answer, there was no money due and owing to the defendant by the garnishee. The learned trial court seems to have held that, taking the answer as a whole, it exhibited no evidence of any indebtedness from the garnishee to the defendant, and a compulsory nonsuit was accordingly entered which the court afterwards refused to lift.

Now it is certainly true that if an action on the contract had been begun by the judgment debtor, the burden would have been upon him to prove at least a substantial compliance with his contract before he could recover the consideration money therein named or any unpaid balance of it. If, in such case, the defendant therein, the present garnishee, had filed an affidavit of defense setting forth the same matter now contained in the answer, what would have been the situation? It has always been true that the admissions against interest of a party litigant may be used as evidence by the opposite party. If such admissions were made verbally, they could be proven by the testimony of a witness who heard them. If they were of facts sufficient to make out a prima facie case for the plaintiff, his case would be complete by the proof of such admissions. It would not be weakened because such admissions were coupled with self-serving declarations alleging that the liability which would otherwise exist had been avoided or released. If the admissions were contained in a letter or other writing dehors the pleadings, the plaintiff could utilize such admissions against interest

without regard to other self-serving matter that might be contained in the same writing. A fortiori should this be true when the admissions are contained in some formal instrument filed in court as part of the pleadings. If then there was contained in the garnishee's answer sufficient admissions of fact to make a prima facie case in favor of the contractor, or the attaching creditor who stands in his shoes, we are not able to see why the plaintiff could not avail himself of such admissions and thus make out a prima facie case and shift to the garnishee the burden of establishing the affirmative defense upon which it relied.

In Lansdale Trust & Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235, we had to deal with a question in substance the same as that presented by this record. There, as here, the plaintiff sought to make out its case by the use of certain admissions contained in the answer of the garnishee without being bound by other averments therein tending to show that no liability existed. Speaking of the situation which thus resulted, our Brother BEAVER said: "If at this stage of the trial the plaintiff had called the appellee as upon cross-examination, he would not have been concluded by his answers and the case would have gone to the jury to determine whether such a denial overcame the presumption of indebtedness raised by the bond and mortgage already in evidence. The answers to interrogatories rose no higher as to quality and were no more conclusive of the question at issue than the testimony of the appellee would have been." If then we treat the substance of the garnishee's answer as if the same matter had been elicited from the party called as if for cross-examination, it would seem to be clear that there would be nothing to prevent the plaintiff availing itself of any admissions against interest thus obtained. And it would not be contended that in such case the effect of these admissions would be destroyed because the same witness undertook to state other facts tending to show that the liability which at first seemed to exist had been in fact avoided, released or extinguished.

Now it appears from the answer that Bradley & Co., the judgment debtor, had furnished all of the machinery required by his contract. It appears that the purchase price thereof was $60,000; that the garnishee had paid on account thereof $52,000; that the remaining $8,000 had never been paid because, as the garnishee alleged, it had suffered damages, first, by reason of the fact that the machinery had not been properly installed within the time named in the contract, and, secondly, because there had been a breach of the warranty measuring the effectiveness and capacity of the machinery furnished, and as a result of these two causes the garnishee had suffered damages equal to or greater than the balance of the purchase money yet unpaid. The answer clearly enough indicates that the garnishee never rescinded or attempted to rescind the contract; that it never returned or offered to return the machinery that had been furnished, but kept and used the same as best it could, relying on the warranty to compel its contractor to make good the defects or suffer a proper abatement in the contract price. When it appeared then that such a contract had been made; that the judgment debtor had furnished all of the machinery in quantity at least, if not in quality, contemplated by the contract; that it had been received, retained and used by the garnishee, we think the plaintiff had made out a prima facie case because, under such circumstances, the jury would have been warranted, in the absence of countervailing proof, in rendering a verdict for the unpaid portion of the purchase money.

We are not to be understood as saying that the garnishee has not set up in its answer what would have been good as an affidavit of defense in a suit on the contract itself, but its mere averment, in such affidavit, that there had been a breach of warranty and that the damages sustained thereby equaled or exceeded the unpaid purchase money, could not relieve it from the necessity of making proof of such breach and damages before it could ask that the plaintiff's claim be regarded as extinguished. So here,

it seems to us that the plaintiff, having found in the answer of the garnishee an admission of the existence of a contract which required it to pay $60,000 for certain machinery therein described; that the machinery had all been received and installed, retained and used by it, and that $8,000 of the purchase money remained unpaid, had made out a prima facie case which cast upon the garnishee the obligation of proving, as matter of defense, the breach of warranty it alleged and the extent of the damages it suffered thereby.

We have not before us a case like Hartman v. Meighan, 171 Pa. 46, cited and relied on by the appellee. There the plaintiff, having contracted to do a large amount of work for a specified sum, admitted that he had done but a small portion of the work. He did not sue to recover the contract price on the theory that he had performed, but to recover on a quantum meruit or pro tanto for the small portion of the work actually done. The only reason he was able to allege why he had not performed his contract was the refusal of the other party to advance certain moneys which the contract in no way obliged him to do. Under such circumstances the court could do nothing else than say that he had shown no performance of his contract and no justification for his failure to perform that could be recognized. The same distinction is at once apparent in the remaining cases cited dealing with similar conditions.

It further appears from the record that one E. E. Crocker was called by the plaintiff "as for cross-examination." It does not affirmatively appear in the record what relation he occupied towards the garnishee company or that he was a person who could be properly thus called; but these matters, like those going to the competency of a witness, were preliminary, and as no objection of record appears, we must assume that counsel at least were advised of the existence of facts which, if placed upon the record, would show that the witness could be properly called as if for cross-examination. From the testimony of this witness

again the plaintiff obtained admissions of the facts necessary to make out a prima facie case. Again, as in the answer to the interrogatories, this witness, either voluntarily, or in response to direct questions by counsel for the garnishee, interjected alleged facts tending to show that there had been a breach of warranty and resultant damages and a general averment that nothing was due from the garnishee to the defendant. Again we think the plaintiff was entitled to use the admissions adverse to the garnishee and compel the latter, in answer to the prima facie case thus made out, to affirmatively prove facts tending to establish a breach of the warranty and that the consequent damages were sufficient to extinguish the portion of the contract price unpaid. We are therefore of opinion that the learned trial court fell into error in refusing to take off the compulsory nonsuit which had been entered.

Judgment reversed and a procedendo awarded.