Commonwealth et al., Appellants, *v.* Binenstock.

Argued January 13, 1944. Before Maxey, C.J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*Frank F. Truscott,* with him *William N. Trinkle,* for appellants.

*Robert T. McCracken,* with him *Emanuel Moss, David J. Smyth* and *Marshall A. Coyne,* for appellee.

Opinion by Mr. Justice Linn, March 20, 1944:

This appeal is from an order sustaining preliminary objections to a petition filed by escheators praying for

the escheat of money in the possession of Joseph Binenstock.

For present purposes, as on demurrer, we must accept as true the averments of fact made in the petition. So considered, the petition was sufficient to put the defendant to an answer.

Briefly summarized, the petition asserts that defendant received the money as agent or trustee for Standard Brewing Company, Atlantic Brewing Company and New Century Realty Company out of the proceeds of the business of Standard Brewing Company and Atlantic Brewing Company and out of rents for New Century Realty Company derived from the proceeds of that business. The money came from illegal business conducted in violation of the then existing prohibition laws of the United States and of the Commonwealth. New Century Realty Company held title to the land, brewery buildings, plant and equipment situate at the northeast corner of 10th Street and Montgomery Avenue, Philadelphia, which it leased, in 1923, to Standard Brewing Company, a partnership. Two months later Standard Brewing Company assigned the lease to Atlantic Brewing Company, a corporation organized for the purpose of operating the brewery, and that Company also succeeded to the ownership and possession of all the assets and business of the partnership of Standard Brewing Company, which thereupon "entirely ceased the conduct and carrying on of any business and was terminated," the partners who had constituted it becoming the stockholders of Atlantic Brewing Company. The unlawful brewery business was conducted from 1923 to November 2, 1926, during which period Binenstock, "as agent or trustee", received $173,525, being rents payable to New Century Realty Company, and $782,399.01, being the net proceeds of the illegal sale of beer by the brewery. He has never accounted to anyone and retains the funds which "are without any *lawful* or *rightful* owner or owners." The holder of a mortgage on the land, buildings and plant foreclosed it and bought in the property at sheriff's sale in 1926;

thereafter neither Atlantic Brewing Company nor New Century Realty Company has conducted any business whatsoever. New Century Realty Company had held the title to the premises for the benefit of Atlantic Brewing Company, its own alleged stockholders being merely "strawmen" or "dummies"; no certificates of stock were ever actually issued to them or to anyone else. In 1926 the stockholders of Atlantic Brewing Company surrendered and assigned in blank to that Company the stock certificates which they had held therein, and all officers and directors resigned, so that thereafter there were no stockholders, officers or directors of Atlantic Brewing Company.

Appellants rely on Section 3 of the Act of May 2, 1889, P. L. 66, as amended by the Act of May 11, 1911, P. L. 281, 27 PS Section 333: "That whensoever any trustee or other person is or shall be seized of any property or estate, real or personal, in a fiduciary capacity, and shall file an account of the same in any court of this Commonwealth, and whensoever it shall appear that the cestui que trust, or beneficial owner, of said property or effects, or any part thereof, has been unknown for a period of seven years, and still remains unknown, then and in such case so much of said property or effects as belonged to said unknown cestui que trust, or beneficial owner, shall escheat to the Commonwealth, subject to all legal demands on the same; and whensoever the trustee or trustees under a dry trust, and whensoever on the termination of an active trust, or afterwards, the trustee or trustees thereunder is, are, or shall be seized or possessed of any property or estate, real or personal, either the subject of the trust or in any wise arising from the possession of the trust property, or the exercise of the trust, or resulting after the termination of the trust and before distribution is actually made under the terms of the trust or decree of court, from rents, accretions, profits or interest from, of, or on the trust property, or any part thereof, *which property or estate is or shall be*

*without a lawful owner,*[1] such property or estate shall escheat to the Commonwealth, subject to all legal demands on the same."

The learned court below sustained the objections and dismissed the petition for the following reason stated in its opinion: ". . . there is the fatal defect in the proceeding that the petition for the escheat is directed, at the instance of escheators, to a number of funds alleged to belong, as stated, to two different named corporations and a partnership. This cannot be done on petition of an escheator, but must be prosecuted 'by action in the nature of a bill in equity by the Commonwealth under the direction of the Attorney General' as provided by Section 7 of the Act of June 7, 1915, P. L. 878. *Rosenfeld's Appeal,* 337 Pa. 183 (1940), and *Commonwealth ex rel. Reno v. Pennsylvania Company et al.,* 339 Pa. 513 (1940)."

In *Commonwealth ex rel. Reno v. Pennsylvania Company,* to which the learned court referred, we said (page 518) that the Act of 1889 did not contemplate ". . . that the issues arising in a number of escheat proceedings concerning property of unrelated owners should be tried in a single suit." But the petition has not stated a case of unrelated owners. The Petitioners aver that the partnership transferred all its assets to the corporation and "thereafter . . . was terminated." That drops the partnership out of the case, and leaves for consideration the two corporations, Atlantic Brewing Company and New Century Realty Company. The petition shows that the activities of these two companies were united to accomplish a single purpose and for that reason are not within the rule announced in *Commonwealth ex rel. Reno v. Pennsylvania Company.* Not only does the petition show that the two corporations constituted the legal equipment by which the unlawful business was conducted, but we have held that to be a fact which cannot now be ignored. In *Feuerstein v. New Century Realty Co.,* 304

---

[1] Italics supplied.

Pa. 271, 273, 156 A. 110, it appeared that on November 2, 1926, Tucker and Binenstock were ". . . officers and sole stockholders of the New Century Realty Company . . . and they likewise owned the capital stock of the brewing company." When, some years later, Tucker asked Binenstock to account, Binenstock defended on the ground of illegality. *Tucker v. Binenstock,* 310 Pa. 254, 165 A. 247. In that case it was necessary to examine the relation of the two men to the two corporations; in denying relief to Tucker, we recognized, at page 262, that ". . . in the corporate landlord, and the operating corporation, [the brewing company] we have an absolute identity of parties in interest."

We all agree that the petition states a prima facie case within Section 3 of the Act of May 2, 1889, P. L. 66, as amended, and requires an answer.

Order reversed and record remitted for further proceedings.