# Auto Security Company, Inc., Appellant, *v.* Peter Canelli.

*Automobiles—Bailments—Bailment leases—Judgments — Opening judgments.*

On a rule to open a judgment entered in accordance with the terms of a lease of an automobile, it appeared that judgment had been entered for the balance of the rental reserved in the lease.

The reasons among others, averred in the petition to open the judgment were that the plaintiff had subsequently taken the leased machine in satisfaction of the judgment. The plaintiff admitted having taken the automobile after execution had been issued under the judgment and returned, nulla bona, but alleged that it had taken the car on storage at the request of the defendant. These averments raised an issue of fact which should be decided by a jury, and the court did not abuse its discretion in opening the judgment.

When the lessee defaulted in the payments due under the lease, the lessor could pursue one of two courses. Under the terms of the lease it was optional with it either to enter judgment for the balance of the entire rental or purchase money reserved in the contract, or to retake possession of the automobile. It could not do both. It could not retake the car and at the same time demand payment of its value.

Argued October 3, 1922. Appeal, No. 56, Oct. T., 1922, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1921, No. 10,586, opening judgment in the case of Auto Security Company, Inc., v. Peter Canelli. Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule to open judgment. Plaintiff appealed.

*Error assigned* was the order of the court.

*Walter I. Summerfield,* and with him *Maxwell Pestcoe,* for appellee.

*Michael J. O'Callaghan,* for appellee.

OPINION BY KELLER, J., November 23, 1922:

This is an appeal from the action of the court of common pleas opening a judgment entered under the terms of an automobile lease.

It appears from the evidence before the court below that on May 6, 1921, the appellee bought from the appellant an automobile valued at $820.25, for which he paid cash $344.25 and entered into an agreement of lease by which he was to pay $10 a week for forty-seven weeks and $5 on the forty-eighth week, at the end of which term the automobile would become his on the payment of one dollar additional. Appellee defaulted in the payment of the rental due July 8, 1921, and thereafter, and on September 13, 1921, appellant, in pursuance of authority granted in the lease entered judgment against him for the balance of the rental reserved for the entire term and an attorney's commission of 20%, totalling $516, and issued execution thereon, which was duly returned "nulla bona."

On November 19, 1921, appellee petitioned the court below to order the said judgment to be satisfied or opened and the defendant let into a defense, alleging that after the return of said execution appellant had entered into an agreement with him by the terms of which it had taken back the automobile in satisfaction of the judgment. Appellant admitted having taken the automobile into its possession after the execution had been returned unsatisfied, but alleged that it had taken the car on storage at the request of the defendant. This raised an issue of fact which it was eminently proper should be decided by a jury, and the court below did not abuse its discretion in opening the judgment that a jury might pass upon it.

When the defendant defaulted in the payments due under the lease, the appellant could pursue one of two courses. Under the terms of the lease it was optional with it either to enter judgment for the balance of the entire rental or purchase money reserved in the contract, or to retake possession of the automobile. It could not do both: Jacob v. Groff, 19 Pa. Superior Ct. 144; Wheeling v. Phillips, 10 Pa. Superior Ct. 634; Ketcham v. Davis, 31 Pa. Superior Ct. 583; Seanor & Bierer v. Mc-

Opinion of the Court. [80 Pa. Superior Ct.

Laughlin, 165 Pa. 150. Justice would not permit it to retake the car and at the same time demand payment of its value: Kelly Springfield Road Roller Co. v. Schlimme, 220 Pa. 413, 419; Star Drilling Machine Co. v. Richards, 272 Pa. 383. It chose to enter judgment for the balance of the rental reserved to the end of the term. When this course proved disappointing it was entirely competent for it to agree to take back the automobile in payment of its unsatisfied judgment. Such an agreement would not constitute a change or alteration of the original bailment contract but would dissolve it by mutual agreement. This may be done at any time: Smith v. J. I. Case Machine Co., 50 Pa. Superior Ct. 92, 99. It was likewise based on a sufficient consideration. The authority of the appellant's agent to make such a contract might be inferred from its ratification in accepting and retaining the automobile pursuant to its terms.

The order of the court below is affirmed at the costs of the appellant.