Elliott to Use *v.* Douglass, Appellant.

Argued December 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

400

*Frederico F. Mauck,* for appellant.

*Robert Trucksess,* for appellee.

OPINION BY CUNNINGHAM, J., March 5, 1932:

This appeal is by the defendant from an order of the court below discharging his rule to open a judgment entered by confession.

On December 11, 1930, the prothonotary of Montgomery County, acting at the instance of Counties Finance, Inc., the use plaintiff, and under the alleged authority of a warrant of attorney contained in a bailment lease, entered judgment against William H. Douglass, the appellant, for $362.50; damages were assessed at $140.88 and an execution issued for that amount.

Appellant obtained two rules: one to open the judgment and the other to show cause why it should not be satisfied upon payment of $36.25; both were discharged and this appeal from the refusal to open followed.

We do not agree with the contentions of either party in their entirety. Our conclusion is that the use plaintiff caused judgment to be entered for an excessive amount but has not attempted to collect more than is due from appellant. This conclusion is of little practical value to appellant, but, in view of the extent of the business of financing the leasing and sales of automobiles, it may be helpful for us to state our reasons, to the end that lessees of cars may be protected from the liens of excessive judgments.

The facts are undisputed and the case turns upon the construction of the written contract between the parties. Under date of March 26, 1929, J. H. Elliott, an automobile dealer, "let and hired" a used Ford coupe to appellant, under a bailment lease. The total amount of rentals, including settlement charge and insurance, was $635, to be paid $200 down and the balance of $435 "in twelve monthly instalments of $36.25 each, to be evidenced by lessee's promissory note or notes (not as payment but as evidence of the amounts to become due hereunder)." The term of the lease was twelve months and it contained an option to the lessee to purchase the car at its termination, provided the rentals had been fully paid, "upon the further payment of the sum of one dollar." On the same day, the lease and notes and his right, title and interest in the car were assigned by Elliott to Counties Finance, Inc. Appellant paid the down rental of $200 and the instalments of $36.25, each, due April and May 26, 1929, but defaulted in the payment of the instalment due June 26th. Early in July the car broke down on a street in Norristown. Appellant went to the office of the finance company, told its secretary where the car was, stated he had no money with which to make additional payments, and said he did not "want the car any more." The finance company, through its agents, took possession of the car, had it stored and repaired, and sold it on July 20th to the Philadelphia National Motors Company for $300. The expenses incurred by the finance company in repossessing, storing, repairing and disposing of the car were $60—$5 for storage, $25 for repairs and the payment of a commission of $30 for the resale.

When the default occurred on June 27, 1929, the unpaid balance of rental was $362.50, including the unpaid note for $36.25, which fell due June 26th. The contract defined the rights of the parties, in the event of such

default, in this language: "If lessee shall fail to pay said rental as herein agreed ...... lessor shall have the right (a) to declare all unpaid balance of said rental and notes representing the same forthwith due and payable, and to enter judgment for said amount as hereinafter more fully provided, or (b) to declare this lease void as far as the rights of said lessee are concerned and to take immediate possession of said motor vehicle, attachments and equipment, wherever found, with or without process of law."

The remedies here provided are separate, distinct and in the alternative. The finance company had its choice: it could either affirm the lease and avail itself of the acceleration clause by entering a judgment against appellant for the "unpaid balance" of rental, $362.50, and leave the car in his possession, or it could declare the lease void as to the rights of appellant and take immediate possession of the car and equipment, but it could not do both, as was here attempted: Ketcham v. Davis, 31 Pa. Superior Ct. 583; Auto Security Co., Inc. v. Canelli, 80 Pa. Superior Ct. 43. It elected to take possession and also entered judgment for the entire unpaid balance of rental.

Up to that time appellant had paid rental in the aggregate amount of $272.50 and one note for $36.25 was due and unpaid. As to these respective amounts the contract provided: "It is expressly agreed that if lessor repossesses the motor vehicle, lessor may retain the rental already paid by lessee and may enter judgment as hereinafter provided on the notes which have become due before repossession." The only judgment thus far authorized would be for the amount of the due and unpaid note for $36.25. But it was not intended that the company should be required to keep the car. A lease or sale of it was contemplated by this provision of the contract: "If the amount obtained by lessor upon a subsequent lease or sale of

said vehicle is less than the unpaid rental and the expenses incurred in repossessing, removing, repairing, storing and disposing of said vehicle, lessee agrees to pay the amount of any such deficiency, and further agrees that judgment may be entered therefor as hereinafter provided.''

The aggregate of the unpaid rentals (exclusive of the due and unpaid note) was $326.25 and the total expense incurred in repairing, storing and disposing of the repossessed car was $60. It was sold for $300 and the deficiency for which appellant was liable under the express provisions of the contract is $86.25. For these amounts—the unpaid note for $36.25 and the deficiency of $86.25, aggregating $122.50—plus an attorney's commission of fifteen per cent ($18.37), appellant agreed a judgment might be confessed. These items total $140.87 and no authority was conferred upon anyone to enter a judgment in excess of that amount. The applicable provisions of the warrant of attorney follow: ''Lessee covenants and agrees that lessor may cause judgment to be entered against him upon this lease for the whole amount of the rental unpaid [first option], for the amount of any note or notes that have become due and remain unpaid, or for any loss sustained by the lessor by reason of the repossession of the automobile [second option], and for that purpose lessee hereby authorizes the prothonotary or any attorney of any court of record to appear for and confess judgment against said lessee in favor of said lessor for the whole amount of rental unpaid, or of said note or notes, or of the said loss, and said lessee hereby authorizes the prothonotary to tax a commission of 15% of the principal amount on which said judgment is entered as an attorney's commission.'' The entering of judgment for the principal sum of $140.87 gives the finance company and its attorney every dollar due under the contract. The ut-

most amount the company could ever claim is $695—the price of the car plus the $60 of expense incurred in repossessing, repairing and reselling it. The rentals paid by appellant and retained by the company aggregate $272.50, the car was sold for $300, and the company's share of the judgment is $122.50, or a total of $695.

On the other hand, appellant bound himself to pay these amounts, together with a specified attorney's commission on the sum for which judgment could legally be entered. If the amount for which he is still liable, added to what he has paid, seems high for the use of a used Ford for four months, the answer is that he made the contract and must stand by it. The finance company, however, had no right to have a judgment entered for more than was due it and appellant is entitled to relief.

The order discharging the rule to open the judgment is reversed; the rule is reinstated and the record remitted for further proceedings not inconsistent with this opinion.