## Associates Discount Corporation, Appellant, *v.* Wise.

660

Argued October 24, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*J. Perry Eckels,* for appellant.

*Eugene Mackey,* with him *Rowland B. Mahany,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

This is an appeal by plaintiff from an order of the court below opening a judgment entered by confession under the terms of an automobile lease or agreement.

In granting the equitable relief for which defendant prayed, the court below said: " . . . . . . the remedies provided in the lease were separate, distinct, and in the alternative, therefore, the plaintiff had its choice; it could either affirm the lease and avail itself of the acceleration clause by entering judgment for the unpaid balance of rental and leave the automobile in defendant's possession, or it could declare the lease void as to defendant's rights and take immediate possession of the car and equipment, but it could not do both, as was here attempted. It elected to take possession and also entered judgment for the entire unpaid balance of

rental. It could not retake the car and at the same time (or later) demand payment of its value."

An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court; on appeal the order of the court below will not be reversed except for a plain abuse of discretion. *Mutual Building & Loan Ass'n of Shenandoah v. Walukiewicz et al.*, 322 Pa. 240, 241, 185 A. 648; *Kweller, to use, v. Becker*, 338 Pa. 169, 171, 12 A. 2d 567.

The action of the court below was based upon the following statement of this court in *Auto Security Co., Inc., v. Canelli*, 80 Pa. Superior Ct. 43, at page 45, where we said: "Under the terms of the lease it was optional with it either to enter judgment for the balance of the entire rental or purchase money reserved in the contract, or to retake possession of the automobile. It could not do both. [Citing cases.] Justice would not permit it to retake the car and at the same time demand payment of its value."

As we are of the opinion that this rule is inapplicable to the facts in the instant case, the order of the court below will be reversed.

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied discretion is abused. *Mielcuszny et ux. v. Rosol et ux.*, 317 Pa. 91, 93, 176 A. 236; *Adelman v. John McShain, Inc.*, 148 Pa. Superior Ct. 138, 141, 24 A. 2d 703.

The material facts are not in dispute. The R. B. Graham Company, dealer in automobiles, and appellee entered into an agreement, in writing, by the terms of which the R. B. Graham Company leased a used automobile to him for $677.74. Of the total rentals, $220 was paid at once, and the balance of $457.74, evidenced by appellee's promissory note, was to be paid in monthly payments of $25.43. The lease agreement contained an

option whereby appellee might purchase the automobile at the expiration of the term, providing all agreements therein had been fully performed, for the sum of one dollar. The R. B. Graham Company assigned the lease agreement and note and all of its right, title, and interest in the automobile to appellant, a finance company. Appellee defaulted in his payments, and appellant repossessed the automobile and resold it for $140. Appellant's expense of repossession and sale was $10 and attorney's commission was $49.16. After the automobile had been repossessed and sold, appellant entered judgment against appellee in the sum of $376.90, made up as follows:

| | |
|---|---:|
| Amount of note (unpaid rentals) .......... | $457.74 |
| Expense of repossession and sale ......... | 10.00 |
| | $467.74 |
| Credit by sale of automobile ............. | 140.00 |
| | $327.74 |
| Attorney's Commission ................ | 49.16 |
| Judgment ...................... | $376.90 |

Appellant issued execution on the judgment; by order of court proceedings were stayed, pending disposition of the rule granted on appellee's petition to open the judgment. Appellant filed an answer to the petition to open judgment, but no testimony was taken, and argument was held before the court on petition and answer. From the order of the court below opening the judgment, this appeal was taken.

Appellant repossessed the automobile, but it did not also enter judgment against appellee and seek to recover for the entire unpaid balance of the rentals. In this respect the lease agreement provided the following remedies: "...... in the event of failure of lessee to make any of the said payments at the time above mentioned ...... the said lessor or his assignee shall have

the right (a) to declare immediately due and payable any and all sums due or to become due under the terms hereof, and to enter judgment for such amount, or (b) to declare this lease void as far as the rights of the lessee are concerned and to take immediate possession of the leased property, attachments and equipment, wherever found with or without process of law."

But the lease agreement made further provision in the event of repossession, and contemplated a subsequent lease or sale of the repossessed automobile. Appellee, under the written contract, agreed as follows: "If the lessor or his assignee repossesses the leased property he may retain all rental already paid hereunder and may enter judgment for all sums due prior to repossession. If the amount obtained by the lessor or his assignees upon a subsequent lease or sale of the leased property is less than the unpaid rental and the expenses incurred in repossessing, removal, repairing, storing and disposing of the leased property, the lessee agrees to pay the amount of any such deficiency, and further agrees that judgment may be entered therefor. And for that purpose the lessee hereby authorizes the Prothonotary or any attorney of any court of record to appear for and confess judgment against the lessee in favor of the lessor or his assignees, for the whole amount of rental unpaid, or of the note herein referred to, or of the said loss, and the lessee hereby authorizes the Prothonotary to tax a commission of 15% of the principal amount for which said judgment is entered as attorney's commission. Lessee further waives stay of execution, right of inquisition on real estate, errors and appeals, and the benefit of all exemption laws."

Appellant's judgment was entered under the terms of the contract, not for the entire unpaid balance of the rentals but for the deficiency and the expense for which appellee agreed a judgment might be confessed. Consequently, those cases where there was no provision in the contract for resale and for payment of any defi-

ciency, and the lessor repossessed the leased property and then sought to collect all unpaid rentals, are not applicable.

In the instant case the intention of the parties is clearly expressed in the lease agreement, and there is no rule of law whereby the intention of the parties should not be carried out and their contract upheld. As we said in *Bush v. Atlas Automobile Finance Corp.*, 129 Pa. Superior Ct. 459, at page 464, 195 A. 757, at page 759: "The lease, in defining the rights of the parties, does not contemplate repossession of the automobile by defendant and the recovery of the entire balance of unpaid rentals. In the event of repossession by defendant, plaintiff admits liability for a possible deficiency to be determined by the difference between the fair market value at the time of repossession and the balance of unpaid rentals, costs of suit, and expenses of repossession. For such difference, plaintiff, under the terms of the lease, has agreed to be liable."

In *Elliott, to use, v. Douglass*, 104 Pa. Superior Ct. 399, 159 A. 185, we had occasion to consider a lease of an automobile containing similar provisions to the instrument in the instant case. In the *Elliott* case, we held that the assignee of a bailment lessee, who repossessed the property on the lessee's default, could not recover the entire unpaid balance of the rentals, but could recover the unpaid balance plus the expenses incurred in repossessing and disposing of the property, less the amount received from the resale thereof where the contract contained a provision whereby the lessee agreed to pay such deficiency.

The order making absolute the rule to open the judgment is reversed; the rule is discharged; costs are to be paid by appellee.