## Associates Discount Corporation *v.* Kelly, Appellant.

Argued April 10, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Myron E. Rowley,* with him *Rowley & Smith,* for appellant.

*Joseph A. Rieser,* for appellee.

OPINION BY RENO, J., July 19, 1951:

On March 31, 1948, appellant leased a second-hand dump truck from Bauder Motors, and agreed to pay $3000, of which $1000 was paid in cash, and the bal-

ance was to be paid in 24 monthly instalments. In general the terms of the bailment lease followed those considered in *Associates Discount Corporation v. Wise,* 156 Pa. Superior Ct. 659, 41 A. 2d 418. The lease was assigned to appellee. By January 25, 1949, appellant had become delinquent in his payments and appellee replevied the truck, filing the required bond and averring that its value was $1800. Appellant did not file a counter bond; possession was delivered to appellee; and there were no further proceedings in the replevin action. In May 1949 appellee sold the truck for $1300, and thereafter entered judgment upon the confession contained in the bailment-lease for $442.31.[1] Appellant petitioned the court below to open the judgment; depositions were taken; the court, after argument, refused the petition; and this appeal followed. The depositions were not printed; instead counsel have agreed upon the facts pursuant to our Rule No. 41.

Appellant averred these grounds in his petition to open the judgment: (1) That appellee was not entitled to rent after the date of repossession; (2) That the value of the truck was greater than the sum for which it was resold; and (3) That prior to appellee's repossession, appellant proposed payment in full of all

---

[1]The amount of the judgment was calculated in this form:

| | |
|---|---|
| Gross amount of debt under the attached lease ........ | $ 1,671.61 |
| Rebate of unearned interest ......................... | 98.80 |
| Gross amount due .............................. | $ 1,572.81 |
| Attorney's fee under replevin ......................... | 79.50 |
| Storage as provided in lease ......................... | 92.00 |
| Net debt due .................................. | $ 1,744.31 |
| Liquidation of collateral, being one 1948 Chevrolet dump truck described in the within Bailment lease ........ | $ 1,300.00 |
| Deficiency due ...................................... | $ 442.31 |

arrears by producing a prospective purchaser for appellant's rights under the lease, which offer appellee refused. The first ground was not covered by appellant's statement of the questions to be argued under our Rule No. 22, was not briefed or argued here, and is taken to have been abandoned.

I.   On appeal from the refusal of a petition to open a judgment appellate review is limited to an examination of the exercise of the court below of the discretion vested in it, and it will be reversed only for an abuse of that discretion. *Associates Discount Corporation v. Wise,* supra. The review is generally limited to a consideration of the questions raised by the petition and answer. *Sprenger v. Litten,* 142 Pa. Superior Ct. 194, 15 A. 2d 527. However, where a petition to open is promptly filed after the entry of a confessed judgment the basic legality of the judgment will be examined on appeal even though the question was not presented in the pleadings. *Richey v. Gibboney,* 154 Pa. Superior Ct. 1, 34 A. 2d 913.

II.   To sustain the second ground appellant points to appellee's affidavit of value in the replevin action and argues that thereby it was estopped from asserting a value less than $1800 in its further dealings with appellant. The affidavit bound appellee in the replevin action, *Gaspero v. Gentile,* 160 Pa. Superior Ct. 276, 50 A. 2d 754, but it did not estop it in subsequent proceedings and other forms of action.   The general rule is that averments in pleadings in an undetermined prior case do not operate in a subsequent case as an estoppel by record against the party making them. 31 C. J. S., Estoppel, §7. The averment, however, is admissible in the subsequent proceeding as an admission against the party making it, *Lindsay v. Dutton,* 227 Pa. 208, 75 A. 1096, but here, with that admission in the record, the chancellor found that appellant's contention "that the real market value of the

automobile . . . was in excess of $1300.00 is not supported by the depositions." Appellant has provided no base which would support a conclusion that the court below abused its discretion.

III. The third ground is clearly without merit, and is completely answered by the agreement of counsel: "Early in December, 1948, the defendant, [appellant] due to delinquency, wanted to sell the truck. His wife interested one Ralph Thornhill, a grocer, in purchasing it. She mistakenly told Thornhill that the balance due the plaintiff was approximately $1300.00. Thornhill stated that he was willing to pay $1300.00 to plaintiff, cancel a grocery bill of $400.00 owed him by the Kellys, and pay the $250.00 repair bill owed to Bash's Garage, or a total of $1950.00. His ability to do so was not shown. Thornhill met James C. Cochran, a collector for plaintiff at the Kelly house and the proposed deal was discussed. It was then discovered that the balance due plaintiff was over $1600.00. Thornhill refused to pay this additional amount and the deal fell through." Thornhill's tentative offer, if not expressly withdrawn when he learned the correct amount due, never passed the discussion stage, and was clearly insufficient to move a chancellor, in the interests of justice, to open the judgment.

IV. Appellant argued here, but not below, that the judgment contravenes the Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, §27, as amended by the Act of May 2, 1949, P. L. 812, §4, 69 P. S. §627. We shall demonstrate that the section does not apply to this transaction and therefore it is not necessary to examine its details or to inquire whether appellee's judgment conforms to its requirements.

As originally enacted in 1947, §27 applied only "where the contract price covering the installment sale of a motor vehicle, sold for any use other than a commercial or business use, amounts to two thousand dol-

lars ($2000.00), or less." The instant contract was executed after the effective date of the 1947 Act but the deficiency section did not apply to it, since the contract related to a commercial automobile and the sale price exceeded $2000. The amendment of 1949 eliminated the quoted clause, and it became effective on the date of its enactment, May 2, 1949. The judgment was entered on August 6, 1949. Does the amendment of 1949 apply to a judgment upon a contract executed before its effective date?

No words in the 1949 amendment indicate a legislative intent to apply it to contracts made before its enactment, and consequently we cannot construe it to be retroactive. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 P. S. §556. Moreover, and this is the point upon which this phase of the case turns, §33, 69 P. S. §633, of the original Act of 1947, provided: "The provisions of this act shall not apply to or effect the validity of any *contract . . .* which is *made prior to the effective date of the respective provisions of this act* governing such contracts." (Emphasis added.) The amendment of 1949 merged into, became a part of the Act of 1947, replaced the part amended, and the two Acts must be read together as though they constituted one law passed at one time. Statutory Construction Act, supra, §73, 46 P. S. §573. The original Act expressly exempted contracts "made prior to the effective date of the respective provisions" thereof, denoting the legislative intent that its provisions should operate only prospectively; and, therefore, the amending Act, which became a "respective provision" of the original Act and is to be read as a part of it, is also to be construed as prospective legislation, and does not govern contracts executed before the effective date of the amendment.

Construing the 1949 amendment as prospective legislation, we do not reach appellee's contention that

the amendment constituted an unconstitutional impairment of the obligation of a contract.

The cases[2] upon which appellant relies relate to the Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 P. S. §2621.1 et seq. and do not control this appeal. That Act, by its terms, applied: "Whenever any real property has *heretofore* been or is hereafter sold . . ." (Emphasis added.) There the legislature had plainly manifested an intention that the statute should operate retrospectively, and most of the cases relating to it have dealt with the constitutional power to legislate retroactively. Here the clear legislative mandate, gathered from the original Act and the amendment, is that the latter shall not operate upon contracts made before its effective date.

V. Appellant's final contention that the bailment-lease constituted a pledge, and that, under Restatement, Security, §48, he was entitled to notice of the resale, may be almost summarily dismissed. Every pledge is a bailment but not all bailments are pledges. The distinctive requirement of a pledge is that possession of the property be in the creditor, not, as here, in the debtor. 41 Am. Jur., Pledge and Collateral Security, §13. No case supports appellant. The word "pledge" in *Land Title Bank and Trust Co. v. Kolker*, 159 Pa. Superior Ct. 529, 530, 49 A. 2d 277, was a mere transcription of a term of the collateral-judgment note which Kolker had executed together with the bailment-lease.

Order affirmed.

---

[2] *Fidelity-Phila. Trust Co. v. Allen*, 343 Pa. 428, 22 A. 2d 896; *Penna. Co., etc., v. Scott*, 346 Pa. 13, 29 A. 2d 328; *McGrath Estate*, 159 Pa. Superior Ct. 78, 46 A. 2d 735.