Sara Louise Roberson JONES, as Widow
of Bernard Mellie Jones, Deceased,
Plaintiff,

v.

PIPER AIRCRAFT CORPORATION, a
body corporate, Defendant.

Civ. A. No. 4073.

United States District Court
M. D. Pennsylvania.

Aug. 16, 1955.

Enoch H. Thomas, Jr., Wilkes-Barre,
Pa., Edward W. McDonald, Birmingham,
Ala., Robert Kunzig (of Clark, Ladner,
Fortenbaugh & Young), Philadelphia,
Pa., William D. Denson, Washington,
D. C., for plaintiff.

Edward W. Warren (of Harris, War-
ren, Hill & Henkelman), Scranton, Pa.,
for defendant.

MURPHY, Chief Judge.

For reasons assigned in our opinion
in Smith v. Piper Aircraft Corporation,
18 F.R.D. 169, filed this date, plaintiff
may amend her complaint; the motion
to strike affirmative defenses is denied;
answers to interrogatories should be re-
examined before sanctions under rule 37
(a), Fed.Rules Civ.Proc., 28 U.S.C., are
appropriate.

In addition to the claim against defendant, plaintiff seeks to recover in an Alabama state court from Smith Way Inc. and the pilot's estate, alleging that the pilot's negligence was the proximate cause of the accident.

Under Rule 36 defendant sets forth and asks plaintiff to admit the correctness of a copy of the summons and complaint in each Alabama action; [1] that she had personal knowledge of the measure of care to a gratuitous guest passenger required by the law of Georgia; [2] had personal knowledge of and approved the contents of the complaints before they were filed; that she instituted or authorized and directed her attorneys to institute the actions and file the complaints, and that in the complaints she contends the pilot's negligence was the proximate cause of the accident.[3]

■ Taking judicial notice, (Rothschild v. Ritter, D.C.M.D.Pa., 4 F.R.D. 495; Lamar v. Micou, 114 U.S. 218, 5 S.Ct. 857, 859, 29 L.Ed. 94), of Georgia law—the place of the tort—see Tucker v. Andrews, 1935, 51 Ga.App. 841, 181 S.E. 673; Whitfield v. Wheeler, 1948, 76 Ga.App. 857, 47 S.E.2d 658; Sammons v. Webb, 86 Ga.App. 382, 71 S.E.2d 832, 839; and of the practice of Alabama courts to apply the lex loci delicti, see 11 Am.Jur., Conflict of Laws, § 182; Western Union Telegraph Co. v. Hill, 1909, 163 Ala. 18, 50 So. 248, at page 253, 23 L.R.A.,N.S., 648; Alabama, G. S. R. Co. v. Carroll, 1892, 97 Ala. 126, 11 So. 803, 805, 18 L.R.A. 433, we find that the measure of care owed by an airplane pilot to a guest—not a passenger for hire—is not to be guilty of gross negligence.

■ There may be more than one proximate cause of an accident. See Restatement of Torts, §§ 432(2), 439; Atlantic Coast Line R. Co. v. Daniels, 8 Ga.App. 775, 70 S.E. 203; Rollestone v. T. Cassirer & Co., 3 Ga.App. 161, 59 S.E. 442. In the Alabama action and herein plaintiff states that negligence of the respective defendants was the proximate cause not the sole proximate cause. If the negligence of the pilot and of the defendant herein concurred in causing the accident, plaintiff could sue either or both and recover judgment with, however, but one satisfaction. Restatement of Torts, § 879.

Plaintiff contends that what is alleged in the Alabama complaints and apparently what occurs in those proceedings are herein immaterial and irrelevant. The objection must be considered from the viewpoint of discovery and that of the trial.

■ Rule 26(b) provides, "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." The complaints in the Alabama actions were not verified and were signed only by counsel and, as such, could not ordinarily be used in federal court in another action for the purpose of introducing statements contained therein as admissions or for the purpose of attacking credibility, unless plaintiff was aware of and approved their contents and the action taken thereon,.

---

1. Rule 36 provides, " * * * a party may serve upon any other party a written request for * * * admission * * * of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. * * *"

Other records in the proceedings are attempted to be incorporated by reference, a practice not in conformity with the requirements of Rule 36.

2. That plaintiff's husband was a guest passenger and not a passenger for hire; that an Alabama court would follow the law of Georgia as it is contained in the Georgia cases cited. But see infra, our taking judicial notice dispenses with any need for the latter request.

3. That plaintiff remarried and is now Mrs. Fuller Kendrick, Jr.

see Fuller v. King, 6 Cir., 1953, 204 F.2d 586, at page 590 and cases cited. However, the Pennsylvania cases which under Rule 43(a) we are obliged to follow, see and cf. Cooper v. Brown, 3 Cir., 1942, 126 F.2d 874; Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 170 A.L.R. 1237; hold that where counsel acting within the scope of their authority make a statement and it later becomes pertinent to an issue, it is admissible in evidence with the same force and effect as if it had been made directly by the plaintiff.[4] McGarity v. New York Life Ins. Co., 1948, 359 Pa. 308, 59 A.2d 47 and cases cited; Commonwealth by Truscott v. Binenstock, 1948, 358 Pa. 644, at page 654, 57 A.2d 884; Easton School District v. Continental Casualty Co., 1931, 304 Pa. 67, at pages 71, 72, 155 A. 93, and see 2 Wigmore on Evidence, 2d Ed., §§ 1058, 1063, 1065, 1066, 1067.

■ As to statements made by a party or a position taken or reliance made during a prior proceeding, see Becker v. City of Philadelphia, 1907, 217 Pa. 344, at page 348, 66 A. 564; Cf. Stolte v. Larkin, 8 Cir., 1940, 110 F.2d 226. They are of course not conclusive, Com. v. Monongahela Bridge Co., 1906, 216 Pa. 108, at page 116, 64 A. 909; Wigmore Id. § 1059; Associates Discount Corp. v. Kelly, 1951, 169 Pa.Super. 74, at page 77, 82 A.2d 689; Keown v. Bunton, 1915, 61 Pa.Super. 220, at page 224; Greek Catholic Congregation v. Wilson Coal Co., 1938, 329 Pa. 341, 198 A. 41.

■ Plaintiff argues that the request for admissions called for conclusions of law and as such should not be answered, citing Fidelity Trust Co. v. Village of Stickney, 7 Cir., 1942, 129 F.2d 506, at page 511, but see and cf. United States v. Lewis, D.C.D.N.J., 10 F.R.D. 56, at page 58; 4 Moore, Id. § 36.04, p. 2713.

Any admission is of course subject to all pertinent objections to admissibility which may be interposed at the trial. Id. § 36.08, p. 2724.

While the averment of "negligence" is but stating a legal conclusion, to recover in Alabama plaintiff would have to prove the specific acts or omissions of the pilot which caused the accident. Herein plaintiff's position is that showing that an airplane manufactured by defendant and sold to the public crashed while on a normal flight, causing the death, would be sufficient, but see defendant's contention contra, and cf. De Reeder v. Travelers Ins. Co., 1938, 329 Pa. 328, at page 333, 198 A. 45; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, at page 918.

■ Defendant is entitled to know for discovery and for trial purposes upon which facts the allegation of Smith's negligence was based. The need of such information may become more vital if plaintiff has taken any inconsistent position in the course of those proceedings. See and cf. Bellavance v. Nashua Aviation & Supply Co., 1954, 99 N.H. 10, 104 A.2d 882. Certainly if Smith was negligent it may be a circumstance to consider in disposing of the issue of contributory negligence and assumption of risk of the passenger in these proceedings.

So far there is nothing in this record to show that plaintiff did in fact proceed in Alabama and whether or not any judgment and satisfaction has been obtained.

If the plaintiff directly or through an attorney instituted such actions, that fact, the correctness of the exhibits, the extent of her participation therein and her knowledge of the facts and of the law should be admitted. Where the court has taken judicial notice of a matter no

---

4. This does not include conclusions of the pleader, see and cf. Srednick v. Sylak, 1941, 343 Pa. 486, at pages 492–493, 23 A.2d 333, and "negligence" per se is a legal conclusion. See Id. Pennsylvania R. Co. v. City of Pittsburgh, 335 Pa. 449, at page 459, 6 A.2d 907, and see 4 Moore Federal Practice, § 36.04, pp. 2712–2713.

answer need be made. The other requests for admission to which objection has not been made should be answered in the light of this opinion.