238 F.2d 544
 Samuel GIANNONE, Appellant,
v.
UNITED STATES STEEL CORPORATION (Defendant) and Philadelphia Electric Company (Third-Party Defendant).
Grace MALLACE, Individually and as Administratrix of the Estate of Vincent Mallace, Deceased, Appellant,
v.
UNITED STATES STEEL CORPORATION (Defendant) and Philadelphia Electric Company (Third-Party Defendant).
 No. 11958.
 No. 11959.
 United States Court of Appeals Third Circuit.
 Argued October 16, 1956.
 Decided November 14, 1956.
 Rehearing Denied December 26, 1956.
 
 Robert G. Kelly, Philadelphia, Pa. (Kelly, Deasey & Scanlan, Philadelphia, Pa., on the brief), for appellants.
 Thomas E. Comber, Jr., Philadelphia, Pa. (K. Robert Conrad, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., on the brief), for appellee.
 Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 These two actions were brought to recover for injuries sustained by Giannone and for injuries causing the death of Vincent Mallace, whose widow is suing as administratrix. The accident took place at the Fairless Works, United States Steel Corporation, Morrisville, Pennsylvania, June 21, 1952. The men involved in the accident were employees of the Benjamin F. Shaw Company. This company was employed as an independent contractor by the defendant and was engaged in plumbing and heating work in connection with the construction of the Fairless plant.
 
 
 2
 On the day in question Giannone and Mallace were members of a small crew delivering pipe and picking up surplus pipe in the construction area. They had a truck crane which picked up the surplus pipe and loaded it upon a flatbed trailer truck. The truck crane came to a spot where there was some pickup work to be done. Giannone and Mallace got on the ground preparatory to hooking spreaders into the ends of a piece of pipe which was to be lifted and put on the flat truck. The afternoon was dark and damp. The truck crane had stopped almost beneath a high-powered electric wire owned and maintained by the defendant and the driver of the truck crane lowered the boom so the spreaders could be attached to the pipe. As the two men took hold of the cables they each received an electric shock which killed one and injured the other. There is testimony that the boom of the truck did not touch the wire but that it came perhaps within three feet of it. No one saw any spark or flash from the wire to the crane.
 
 
 3
 At the close of the plaintiff's case the court dismissed the actions. The district court was right.
 
 
 4
 The defendant cites to us two Pennsylvania cases to show us that the duty of a landowner to employees of an independent contractor doing work on the land, is very limited. It is said that the injured employee cannot recover against the landowner unless the landowner failed to give warning of nonobvious dangers to the independent contractor. For this proposition Valles v. Peoples-Pittsburgh Trust Co., 1940, 339 Pa. 33, 13 A.2d 19 and Engle v. Reider, 1951, 366 Pa. 411, 77 A.2d 621 are cited.
 
 
 5
 What neither party cited to us, however, was the latest decision of the Pennsylvania Supreme Court, namely, Cooper v. Heintz Mfg. Co., 1956, 385 Pa. 296, 122 A.2d 699. This decision drastically limits the application of the Valles and Engle cases by confining their applicability to a situation in which the independent contractor has taken over the control of the premises. In the instant case, there is no suggestion that the Shaw Company was in control of the defendant's premises. It was doing work there. Doubtless other concerns were also. The case is not one for the application of the Valles doctrine. The ordinary rule is that the contractor's employee is a business visitor and the landowner owes him a duty of reasonable care to make the premises safe or to give adequate warning. Restatement, Torts § 343 (1934) cited and approved in Straight v. B. F. Goodrich Co., 1946, 354 Pa. 391, 47 A.2d 605 and Miller v. Hickey, 1951, 368 Pa. 317, 81 A.2d 910. The plaintiffs are not to be defeated in this case because of absence of duty on the part of the defendant landowner.
 
 
 6
 Nevertheless, the plaintiffs have not made out a case entitling them to recover. The argument made in their behalf is that even granted that there is no showing that the defendant was negligent, the doctrine of res ipsa loquitur should be applied to allow them to take their case to the jury. But res ipsa loquitur does not take the place of negligence on the part of the defendant. It simply permits a finding by the trier of the fact that the defendant was negligent in a particular instance.
 
 
 7
 It was well stated by this Court in Sweeting v. Pennsylvania R. Co., 3 Cir., 1944, 142 F.2d 611, 613, in quoting language from Mr. Justice Pitney from Sweeney v. Erving, 1913, 228 U.S. 233, at page 240, 33 S.Ct. 416, at page 418, 57 L.Ed. 815. The statement is to the effect that res ipsa loquitur "means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference * * * that they make a case to be decided by the jury, not that they forestall the verdict."
 
 
 8
 One of the requirements for the application of res ipsa loquitur is that it must appear that in the ordinary course of experience the accident complained of would not have occurred without negligence on the part of the defendant. Jesionowski v. Boston & M. R. R., 1947, 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416. We have no basis whatever for saying that this is the situation in this case. That an electrical charge occasionally jumps from a wire to some other object must be so because we may read about it in so many cases.[1] But when it does so and what precautions may be taken to guard against it and whether any precautions were taken here and whether that failure, if there was a failure, was negligent, we have no basis of knowing. We certainly cannot say as a matter of judicial notice that a defendant owning the wire carrying electricity is negligent if an electrical charge escapes from it. And that is what the application of res ipsa loquitur here would require us to do.
 
 
 9
 Plaintiffs' case fails, therefore, because there is no proof of negligence and there is nothing on which we would be justified in giving the plaintiffs such procedural help as is given by the application of the res ipsa loquitur rule.
 
 
 10
 The last point made by the plaintiffs is that the trial court erred in refusing to allow as evidence of negligence alleged admissions contained in a third-party complaint the defendant brought against the Philadelphia Electric Company. By this complaint the defendant sought to impose upon Philadelphia Electric any liability which the defendant might have for the consequences of this unfortunate accident. This complaint was subsequently dismissed by stipulation and with court approval. Are statements in a third-party complaint evidence as admission against the defendant? The question here is to be distinguished from what the writers on evidence call "judicial admissions" which are admissions in pleadings, stipulations, etc. and which do not have to be proven in the same litigation. Wigmore, Evidence §§ 1058, 2588 et seq. (3d ed. 1940); McCormick, Evidence, §§ 239, 242 (1954). However, pleadings which do not amount to judicial admissions — see Wigmore, supra § 2589 — may be used as evidence of factual allegations. By the weight of authority even withdrawn or superseded pleadings are admissible.[2] If the third-party suit against Philadelphia Electric be considered as a separate suit from this appeal, there is divided authority admitting into evidence a pleading made in a separate suit not involving the proponent of the evidence.[3]
 
 
 11
 Most of the authorities considering admissions as evidence conclude that pleadings today are supposed to be factual rather than fictional and therefore should be regarded as probative and admissible. Frank R. Jelleff, Inc., v. Braden, D.C.Cir., 1956, 233 F.2d 671, 675; Wigmore, supra §§ 1066, 1067, cf. §§ 1064, 1065; McCormick, supra § 242; Morgan, Basic Problems of Evidence 238 (1954).[4] Authorities rarely articulate what we believe to be a conflict between the admissions through pleading rule and Rule 8 (e)(2) of the Federal Rules of Civil Procedure, 28 U.S.C., which allows inconsistent, alternative and hypothetical pleading. The rules encourage parties to plead not only what they know is factually true, but also any fact if they believe "there is good ground to support it." See Fed.R.Civ.P. 11. This soundly based policy — see Clark, Code Pleading §§ 41, 42, 99 (2d ed. 1947) — would tend to be defeated if allegations in the pleadings are admissible as evidence. Parties will hesitate to make notice-giving allegations at the risk of their being used as evidence, especially considering Fed.R. Civ.P. 15 liberalizing amendments.
 
 
 12
 But we do not need to commit ourselves to answering the difficult question just raised. The trial court admitted parts (b), (c) and (f) of paragraph 8 of the third-party complaint which paragraph is set out in full in the margin.[5] Plaintiff complains of the exclusion of parts (a), (d) and (e). When we look at the excluded parts we find plenty of language charging Philadelphia Electric with negligence but none in our minds which admits any negligence on the part of United States Steel.
 
 
 13
 Bearing in mind that legal conclusions are not admissions, Jones v. Piper Aircraft Corp., D.C.M.D.Pa.1955, 18 F.R.D. 181, note 4; cf. Borel v. United States Casualty Co., 5 Cir., 1956, 233 F. 2d 385, we do not find the broad language which United States Steel used against Philadelphia Electric reasonably capable of interpretation as factual admissions of faulty maintenance. We find no error in refusing to allow part of the third-party complaint to be introduced.
 
 
 14
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 E. g. Commonwealth Trust Co. of Pittsburgh v. Carnegie-Illinois Steel Co., 1945, 353 Pa. 150, 44 A.2d 594; Ashby v. Philadelphia Electric Co., 1938, 328 Pa. 474, 195 A. 887. Cf. Cooper v. Heintz Mfg. Co., supra
 
 
 [2]
 The following cases admitted superseded or withdrawn pleadings in the same suit: Borel v. United States Casualty Co., 5 Cir., 1956, 233 F.2d 385; Pennsylvania R. Co. v. City of Girard, 6 Cir., 1954, 210 F.2d 437; Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 2 Cir., 32 F.2d 195, certiorari denied, 1929, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629; Evans v. Daniel, 9 Cir., 1923, 289 F. 335; Smiths America Corp. v. Bendix Aviation Corp., D.C.D.C., 1956, 140 F.Supp. 46; Tiana Corp. v. Hartley, S.D.N.Y.1951, 99 F.Supp. 670; Barringer v. Prudential Ins. Co. of America, D.C. E.D.Pa.1945, 62 F.Supp. 286, affirmed per curiam, 3 Cir., 1946, 153 F.2d 224
 Cf. Nisbet v. Van Tuyl, 7 Cir., 1955, 224 F.2d 66; Fruco Const. Co. v. McClelland, 8 Cir., 1951, 192 F.2d 241; Proctor & Gamble Defense Corp. v. Bean, 5 Cir., 1945, 146 F.2d 598; Stolte v. Larkin, 8 Cir., 1940, 110 F.2d 226.
 Contra, Louisville & N. R. Co. v. Tucker, 6 Cir., 1954, 211 F.2d 325.
 In State Farm Mut. Auto Ins. Co. v. Porter, 9 Cir., 1950, 186 F.2d 834, the court admitted a withdrawn pleading of the present defendant, an insurance company, filed in another suit brought by the present plaintiff against a third party who was defended by the present defendant. But cf. Kirven v. Virginia-Carolina Chemical Co., 4 Cir., 1906, 145 F. 288.
 See, also, Annotations, 90 A.L.R. 1393 (1933); 14 A.L.R. 22 (1921).
 
 
 [3]
 The following cases admitted pleadings filed in another suit: Pope v. Allis, 1885, 115 U.S. 363, 6 S.Ct. 69, 29 L.Ed. 393; Frank R. Jelleff, Inc., v. Braden, D.C. Cir., 1956, 233 F.2d 671; Anderson v. Tway, 6 Cir., 1944, 143 F.2d 95, certiorari denied, 1945, 324 U.S. 861, 65 S.Ct. 865, 89 L.Ed. 1418; Rogers v. Edward L. Burton & Co., 10 Cir., 1943, 137 F.2d 284; Hardy v. Commissioner, 9 Cir., 1942, 125 F.2d 863; Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., supra note 2; Lehigh Valley R. Co. v. Allied Machinery Co. of America, 2 Cir., 271 F. 900, certiorari denied 256 U.S. 704, 41 S.Ct. 625, 65 L.Ed. 1180, motion denied, 1921, 257 U.S. 614, 42 S.Ct. 93, 66 L.Ed. 398. Cf. White v. Mechanics Securities Corp., 1925, 269 U.S. 283, 46 S.Ct. 116, 70 L.Ed. 275
 Contra Delaware County Com'rs v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 10 S.Ct. 399, 33 L.Ed. 674; Combs v. Hodge, 1859, 21 How. 397, 62 U.S. 397, 16 L.Ed. 115; Fuller v. King, 6 Cir., 1953, 204 F.2d 586; Christensen v. Trotter, 9 Cir., 1948, 171 F.2d 66 (alternative holding); Fidelity & Casualty Co. of New York v. Brightman, 8 Cir., 1931, 53 F. 2d 161 (nonprejudicial error to admit); Fidelity & Deposit Co. of Maryland v. Redfield, 9 Cir., 1925, 7 F.2d 800; Creal v. Gallup, 5 Cir., 1916, 231 F. 96; Jones v. Piper Aircraft Corp., D.C.M.D. Pa.1955, 18 F.R.D. 181; Kentucky Rock Asphalt Co. v. Helburn, D.C.W.D. Ky.1937, 20 F.Supp. 364, affirmed, 6 Cir., 1940, 108 F.2d 779.
 In every case cited as contra the court noted that the pleading was signed only by counsel and not the party to be charged. It was often intimated that a pleading expressly authorized or signed by the party would have been admissible in a later suit. Cf. Morgan, Basic Problems of Evidence 237 (1954).
 
 
 [4]
 The authorities generally concede that one of two inconsistent pleas cannot be used as evidence in the trial of the other. See also Denman, Note 17 Tex.L.Rev. 191 (1939)
 
 
 [5]
 "8. At the time of the events complained of third-party defendant, through its agents, servants, workmen and/or employees acting within the scope of their employment with third-party defendant, were negligent and careless:
 "(a) In failing to properly maintain and control said high-tension, high-power, high-voltage electric lines, wires and conductors;
 "(b) In failing to have said high-tension, high-power, high-voltage electric lines adequately insulated, guarded and covered;
 "(c) In failing to have said high-tension, high-power, high-voltage electric lines, wires and conductors strung at a safe, sufficient and proper height or distance from the ground;
 "(d) In failing to warn complainant of the danger of electric current leaping, jumping, arcing or flaring from said high-tension, high-power, high-voltage electric lines to the objects in the vicinity thereof;
 "(e) In failing to warn complainant that said high-tension, high-power, high-voltage electric lines, wires and conductors contained, carried and conveyed an extraordinary and tremendous amount of electric current of deadly and dangerous voltage;
 "(f) In failing to have suitable, adequate and proper signs warning of said dangers at said time and place;
 "(g) In failing to observe and comply with the customarily accepted standards and requirements imposed, adopted, practiced, under such circumstances, relative to such lines, wires and conductors, for the safety of persons situated as was the complainant herein;
 "(h) In being generally careless under the circumstances and failing to exercise due and proper care in the discharge of its legal duty toward the plaintiff."