

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2002

# Johnson v. Telespectrum

Precedential or Non-Precedential:

Docket 1-1985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Johnson v. Telespectrum" (2002). *2002 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1985
_____

RENECIA JOHNSON, LORRAINE KENNEDY, LYNETTE ADDISON,
individually and on behalf of all others similarly situated

v.

TELESPECTRUM WORLDWIDE, INC., a Delaware corporation

Renecia Johnson,
Lorraine
Kennedy and Lynette Addison,
Appellants
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 97-cv-00433)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2002
Before: MANSMANN, RENDELL and FUENTES, Circuit Judges.

(Filed January 15, 2002)
_____

MEMORANDUM OPINION OF THE COURT
_____

MANSMANN, Circuit Judge.

Renecia Johnson, Lorraine Kennedy and Lynette Addison, the named plaintiffs in this class action on behalf of all persons formerly employed by Telespectrum Worldwide, Inc. at its site in Wilmington, Delaware, sought statutory damages as a result of Telespectrum's alleged violation of the WARN Act. Plaintiffs appeal from an order of the District Court granting summary judgment to Telespectrum. Because the District Court correctly held that Plaintiffs failed to establish a prima facie case where they failed to establish the threshold number of employment losses required to trigger the protection of the WARN Act, we will affirm the order of the District Court.

I.

The parties are familiar with the factual and procedural history underlying this matter. Accordingly, we turn directly to the merits of Plaintiffs' appeal.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In this case, Plaintiffs have the burden of proving that a "plant closing" or "mass layoff" under the WARN Act occurred. Under the plain statutory language, this entails a showing that (1) 50 employees, not including part-time employees, (2) at a single site of employment, (3) suffered an employment loss. See 29 U.S.C. 2101 and 2102. Thus, at the summary judgment stage, Plaintiffs were required to adduce evidence from which a jury could reasonably conclude that 50 or more employees at the Wilmington site suffered an employment loss. See, e.g., United Mine Workers of America v. Florence Mining Co., 855 F.Supp. 1466, 1476 (W.D. Pa. 1994); May v. Shuttle, Inc., 129 F.3d 165, 174 (D.C. Dir. 1997).

We have carefully reviewed the record in the matter, devoting attention to the employee information and summaries submitted to the District Court. We find that the District Court correctly concluded that Plaintiffs presented insufficient evidence to

create a genuine issue of material fact as to whether 50 or more employees (other than excluded employees) experienced an employment loss.

After reviewing the questionnaires, the District Court concluded that less than 50 individuals had been identified and noted that much of the information provided by Plaintiffs in the form of a summary chart was incomplete and inaccurate. Indeed, of the 55 employees Plaintiffs contends meet the threshold requirements, five indicated they had "quit" employment at Telespectrum. Plaintiffs assert these employees should nonetheless be counted because they may have ceased employment due to a lack of work, Telespectrum's closing of its night shift or its announcement of closing of the Wilmington site. To the contrary, WARN decisions have uniformly held that employees who voluntarily forego an opportunity to continue their employment do not suffer an employment loss, and the Final Rules indicate that the voluntariness of a departure may be called into question only in light of evidence of coercion, creation of a hostile or intolerable work environment, application of undue pressure by the employer or similar circumstances. Plaintiffs have offered no such evidence and accordingly those employees who quit are properly deducted from the number of employees suffering "employment loss." Similarly, Plaintiffs assert that a sixth employee who indicated she ceased employment "over a misunderstanding with a supervisor" should be counted because she may have quit or her discharge may not have been "for cause." Again, Plaintiffs have failed to provide any evidence to establish a question of material fact as to whether this employee suffered an employment loss. Because Plaintiffs have clearly not met the threshold requirements necessary to trigger notice provisions under the WARN Act, we need not address the remaining disputed employees.

## II.

For the reasons set forth above, we will affirm the order of the District Court.

_____

To the Clerk:

Please file the foregoing opinion.

                                              /s/ Carol Los Mansmann
              Circuit Judge

```
                    UNITED STATES COURT OF APPEALS
                        FOR THE THIRD CIRCUIT
                          _____


                             No. 01-1985
                          _____


             RENECIA JOHNSON, LORRAINE KENNEDY, LYNETTE ADDISON,
          individually and on behalf of all others similarly situated

                                  v.

             TELESPECTRUM WORLDWIDE, INC., a Delaware corporation

                                             Renecia Johnson,
          Lorraine
                             Kennedy and Lynette Addison,
                                    Appellants
                          _____


                  Appeal from the United States District Court
                       for the District of Delaware
                       (D.C. Civ. No. 97-cv-00433)
                  District Judge: Honorable Sue L. Robinson
                          _____


             Before: MANSMANN, RENDELL and FUENTES, Circuit Judges.



                                JUDGMENT

                  This cause came to be considered on the record from the United
          States
          District Court for the District of Delaware and was submitted under Third
          Circuit LAR
          34.1(a) on January 7, 2002.
                  On consideration whereof, it is now here ordered and adjudged by
          this
          court that the judgment of the District Court entered on March 23, 2001,
          be and the same
          is hereby affirmed.
                          Costs taxed against appellants.
                                        ATTEST:



                                        Clerk
           Dated: January 15, 2002
```