

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Palmer v. Reese Bros Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Palmer v. Reese Bros Inc" (2005). *2005 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4594
_____

MARK PALMER; ALEXIS ABBOT; JACQUIE ANDERSKOVICH; DIANE AMOS;
TOSHA ARNOLD; TYKISHA BECK; LARRY CAMINO; MARIE CAPANNA;
KAREN CHRISTOPHER; JOANNE DAVIS; ANDREW P. DZATKO; SUSAN
ESSEY; MICHELLE EWING; SUSAN GRECO; JAMIE GROVE; KATHLEEN
HATALOWICH; BRANDI JERICHO; AMBER JOHNSON; TINA M. JOHNSON;
TIA JOHNSON; KIM LACOTTA; BERTHA LAMBERT; SCOTT LAMBERT; AMY
LANE; CAROLE LEE; PAM LEWIS; MELISSA MEHN; BRENDA PAGE;
BOBBIE PALMER; CATHERINE RAWLINS; LISA M. RENNER; BEVERLY
REID; AARON RICHIE; MELANIE ROLL; JAMES R. ROLL; SHILA ROSE;
JENNIFER ROTHEY; DELLA SECHRIST; LIBERTY SHAFFER; LORI
SKULLY; UVETA SMITLEY; JOY SETHMAN; CRYSTAL SMITH; SHARIE
SMITH; VERONICA TOMAN; DUSTIN TOMAN; GERALD TOYE; KYLONA
VALENTINO; CHRISTOPHER WALTERS; KEVIN WASHINGTON;
GEORGENE WHIPKEY; BETTY WILLIAMS; DANA ZAIS; APRIL DIANE
BENEDIK; NAOMI BELL; KARA CHRISTINE HENRY

v.

REESE BROTHERS, INC.

MARK PALMER; ALEXIS ABBOT; JACQUIE
ANDERSKOVICH; DIANE AMOS; TOSHA
ARNOLD; TYKISHA BECK; LARRY CAMINO;
MARIE CAPANNA; KAREN CHRISTOPHER;
JOANNE DAVIS; ANDREW P. DZATKO; SUSAN
ESSEY; MICHELLE EWING; SUSAN GRECO;
JAMIE GROVE; KATHLEEN HATALOWICH;
JERICHO BRANDI; AMBER JOHNSON; TINA M.
JOHNSON; TIA JOHNSON; KIM LACOTTA;
BERTHA LAMBERT; SCOTT LAMBERT; AMY
LANE; CAROLE LEE; PAM LEWIS; MELISSA
MEHN; BRENDA PAGE; BOBBIE PALMER;

CATHERINE RAWLINS; LISA M. RENNER;
BEVERLY REID; AARON RICHIE; MELANIE
ROLL; JAMES R. ROLL; SHILA ROSE; JENNIFER
ROTHEY; DELLA SECHRIST; LIBERTY
SHAFFER; LORI SKULLY; UVETA SMITLEY;
JOY SETHMAN; CRYSTAL SMITH; SHARIE
SMITH; VERONICA TOMAN; DUSTIN TOMAN;
GERALD TOYE; KYLONA VALENTINO;
CHRISTOPHER WALTERS; GEORGENE
WHIPKEY; BETTY WILLIAMS; DANA ZAIS;
APRIL DIANE BENEDIK,

Appellants

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Nos. 03-cv-00458, 02-cv-1019)
District Judge:  The Honorable William L. Standish
_____

ARGUED OCTOBER 18, 2005

BEFORE: SMITH, STAPLETON, and NYGAARD, Circuit Judges.

(Filed December 20, 2005)
_____

Ernest B. Orsatti, Esq. (Argued)
Jubelirer, Pass & Intrieri
219 Fort Pitt Boulevard
Pittsburgh, PA 15222-1505

Counsel for Appellants

Jeffrey B. Balicki, Esq. (Argued)
Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies

Pittsburgh, PA 15219

Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellants sued under the Worker Adjustment and Retraining Notification
Act, 29 U.S.C. § 2101 *et seq*., for back pay because they were not notified of a plant
closing or mass layoff, sixty days before the layoff or closing as required by the Act.
The WARN Act's notice provision exclusively applies to companies with fifty or more
employees, excluding part-time employees, on the date sixty days prior to the date of the
plant closing or mass layoff (the "snapshot date"). The burden rests on the plaintiffs to
prove that the Act applies.

Following a bench trial, the District Court held that plaintiffs failed to make
out a *prima facie* case under the WARN Act because they did not prove that Reese
Brothers, Inc. had the requisite number of employees to trigger the protection of the Act.

Appellants challenge the District Court's conclusion that they failed to prove that there
was either a plant closing or mass layoff, and that Reese Brothers employed fewer than
fifty employees (excluding part-time employees) as of the snapshot date. We will affirm.

**I.**

3

The WARN Act protects workers, their families and their communities by requiring that employers subject to the Act provide notice sixty calendar days before a plant closing or mass layoff. Employers who violate the WARN Act's requirements are liable to the affected employees for "back pay for each day of the violation at a rate of compensation not less than the higher of the average regular rate received by such employees during the last three (3) years of the employee's employment or the final regular rate received by such employee[.]" 29 U.S.C. § 2104(a)(1); *United Steel Workers of America v. Crown Cork & Seal Co.*, 32 F.3d 53 (3d Cir. 1994).

A plaintiff bears the initial burden of proving that there was a plant closing or mass layoff as defined by the Act to make out a *prima facie* case under the Act, and that the organization employed at least fifty employees, excluding part-time employees, as of the snapshot date to trigger the Act's mandatory notice provision. Part-time employees are defined as those who average fewer than twenty hours of work per week or who have been employed for fewer than six of the twelve months preceding the date on which notice is required. 29 U.S.C. §§ 2101(a)(8). A plant closing is "the permanent or temporary shutdown of a single site of employment . . . if the shutdown results in employment loss at the single site of employment during any thirty (30) day period for fifty (50) or more employees excluding any part-time employees[.]" 29 U.S.C. § 2101(a)(2). A mass layoff is "a reduction in force which is not the result of a plant closing; and results in an employment loss at a single site of employment during any thirty (30) day period for at least 33-1/3% of the employees (excluding part-time

4

employees) and at least fifty (50) employees (excluding 50 employees). . . [.]" 29 U.S.C. § 2101(a)(3).  All employees, including part-time employees, are entitled to notice of the plant closing or mass layoff no less than sixty days before the closing or layoff – the snapshot date – provided that the threshold count of fifty employees is satisfied.  29 U.S.C. § 2102(a)(1); 20 C.F.R. 639.5 (a)(2), 639.6(b) (2004).  Employees who are offered and accept a transfer to another employment site operated by the employer have not suffered an employment loss.  Employees who voluntarily depart or resign have also not suffered an employment loss.  *Moore v. Warehouse Club, Inc.*, 992 F.2d 27 (3d Cir. 1993).[1]

## II.

The District Court found that the plaintiffs did not meet their burden of proving that Reese Brothers employed fifty employees, excluding part-time employees, as of the snapshot date of January 20, 2002.  On that date, the Court found that Reese Brothers had, at most, only forty-six employees, excluding part-time employees.

The District Court's determination rested first on the credibility of a particular Plaintiff, Beverly Reid, whose testimony, if credible, would have put Reese Brothers above the fifty employee mark as of the snapshot date.  The District Court found Reid's testimony incredible.  Specifically, she admitted that she did not work for the

---

1.      Defendant and the District Court also bring our attention to *Johnson v. Telespectrum Worldwide, Inc.*, 29 Fed. Appx. 76 (3d Cir. 2002). This opinion is factually on point but was non-precedential.  Although, not binding on us, it informs our decision.

human resources department and was not involved in the termination or resignation process except to recommend that a telemarketer be fired if he or she was rude on the phone. Reid offered no testimony to substantiate that the employees about which she testified fell outside of the definition of part-time employees who are not counted in calculating if Reese Brothers had at least fifty employees. Lastly, her testimony as to specific hiring and termination dates of particular employees substantially conflicted with Reese Brother's employee database maintained by its information technology department. We find no clear error in the District Court's credibility determination.

The District Court also did not include in its calculation of forty-six employees certain employees that plaintiffs claim were admitted by Reese Brothers' answer to be full-time employees on January 20, 2002. We conclude that this was proper. *Giannone v. United States Steel Corp.*, 238 F.2d 544, 547-48 (3d Cir. 1956). Here, appellants failed to tender into evidence, or indeed call to the attention of the Court at trial, Reese Brothers' answer to their complaint which they contend would have proved the WARN Act's numerosity requirement.

Finally, we note that even if Reese Brothers had fifty or more employees as of the snapshot date, the WARN Act would not apply because, as the District Court correctly found, there was neither a plant closing nor mass layoff. We held in *Moore*, 992 F.2d at 29-31 (3d Cir. 1993), as the District Court noted, "that the definition of 'employment loss' set forth in the statute [does] not apply to transferred employees because such employees continue . . . as employees, albeit in different positions at another

6

location."  App. at 25-26.  In order to find "employment loss" by fifty or more employees on this record, one would have to include four employees who transferred to new positions at other locations.

### III.

Because Plaintiffs' failed to meet their burden in making out a *prima facie* case under the WARN Act, the order of the District Court will be affirmed.